UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

Christopher Watson and Intellectus, LLC,                    11-CV-0874 (PAC)

                              Plaintiffs,

              - against -

RIPTIDE WORLDWIDE, INC. (f/k/a Shea
Development Corp.), FRANCIS E. WILDE, TOMMY
E. WHEELER, E. JOSEPH VITETTA, JR., RICHARD
CONNELLY, and PHILIP E. LOEFFEL,

                              Defendants.
-----------------------------------------------------------------------X

### NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILING TO STATE A CLAIM AS TO DEFENDANT RICHARD CONNELLY

SHAUB AHMUTY CITRIN & SPRATT LLP
Raymond R. Castello, Esq. (RC 2106)
655 Third Avenue, 28th Floor
New York, New York 10017
Telephone: (212) 599-8200
Facsimile: (212) 599-7765

*Attorneys for Defendant Richard Connelly*

April 7, 2011

00875422.1

**Please Take Notice that,** upon the accompanying Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint, dated April 7, 2011, attached hereto, and upon the prior pleadings and proceedings herein, Defendant Richard Connelly, by and through his attorneys, Shaub, Ahmuty, Citrin & Spratt, LLP, hereby moves this Court for an order dismissing the Complaint of Plaintiffs Christopher Watson and Intellectus, LLC, pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

Respectfully submitted,

Shaub Ahmuty Citrin & Spratt LLP

Dated: April 7, 2011

By: _____
Raymond R. Castello, Esq. (RC 2106)
655 Third Avenue, 28th Floor
New York, New York 10017
Telephone: (212) 599-8200
Facsimile: (212) 599-7765

00875422.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Christopher Watson and Intellectus, LLC,

11-CV-0874 (PAC)

Plaintiffs,

**MOTION TO DISMISS
COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6)**

- against -

RIPTIDE WORLDWIDE, INC. (f/k/a Shea
Development Corp.), FRANCIS E. WILDE, TOMMY
E. WHEELER, E. JOSEPH VITETTA, JR., RICHARD
CONNELLY, and PHILIP E. LOEFFEL,

Defendants.

------------------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILING TO STATE A CLAIM AS TO DEFENDANT RICHARD CONNELLY

SHAUB AHMUTY CITRIN & SPRATT LLP
Raymond R. Castello, Esq. (RC 2106)
655 Third Avenue, 28th Floor
New York, New York 10017
Telephone: (212) 599-8200
Facsimile: (212) 599-7765

*Attorneys for Defendant Richard Connelly*

April 7, 2011

## TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................1

II.   ALLEGATIONS....................................................................................1

III.  LEGAL ARGUMENT

A.    Plaintiffs fail to sufficiently plead a cause of action for negligent misrepresentation against Defendant Connelly; therefore, these claims must be dismissed. ................................................................6

   1.   There are no facts alleged sufficient to support a finding that a "special relationship" existed between the Plaintiffs and Defendant Connelly. ................................................................8

   2.   There are no facts alleged to support a finding that Defendant Connelly had "specialized knowledge" upon which the Plaintiffs justifiably relied. ................................................................11

   3.   A claim for negligent misrepresentation is precluded where the allegations are essentially those supporting a claim for breach of contract. ................................................................13

B.    Plaintiffs fail to sufficiently plead a cause of action for negligent misrepresentation against Defendant Connelly with the requisite particularity; therefore, Counts 3 and 8 must be dismissed. ................................................................14

C.    Upon dismissal of the Plaintiffs' Complaint as to Defendant Connelly, costs should be awarded to Defendant Connelly as the prevailing party. ................................................................16

IV.   CONCLUSION....................................................................................17

00875422.1

## TABLE OF AUTHORITIES

### FEDERAL CASES

Amusement Industry Inc. v. Stern,
--F.Supp.2d --, 2011 WL 867274 (S.D.N.Y., March 11, 2011)...............9, 10, 12

B&M Linen Corp. v. Kannegiesser, USA, Corp.,
679 F.Supp.2d 474, 483 (S.D.N.Y., 2010)...............................6, 13, 14, 15

Beneficial Commercial Corp. v. Murray Glick Datsun Inc.,
601 F.Supp. 770, 772 (S.D.N.Y., 1985)...........................................8

Center Cadillac v. Bank Leumi Trust Co.,
808 F.Supp. 213, 230 (S.D.N.Y., 1992)..........................................16

Compania Sud. Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co.,
785 F.Supp. 411, 426 (S.D.N.Y., 1992)...........................................9

Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of NY,
375 F.3d 168, 187 (2d Cir., 2004)..............................................15

Greenberg v. Chrust,
198 F.Supp.2d 578, 585 (S.D.N.Y., 2002)........................................9

Hydro Investors, Inc. v. Trafalgar Power Inc.,
227 F.3d 8, 20 (2d Cir., 2000)................................................6

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,
1994 WL 88129 at 7 (S.D.N.Y., Mar. 15, 1994)..................................15

Three Crown Ltd. Partnership v. Caxton Corp.,
817 F.Supp. 1033, 1041 (S.D.N.Y., 1993)......................................15

### STATE CASES

Aerolineas Galapagos, S.A. v. Sundowner Alexandria, LLC,
74 A.D.3d 652, 653 (1st Dept., 2010).........................................9

Andres v. LeRoy Adventures,
201 A.D.2d 262 (1st Dept., 1994)............................................9

Batas v. Prudential Ins. Co. of Am.,
281 A.D.2d 260, 264 (1st Dept., 2001).......................................11

Delcor Labs. v. Cosmair, Inc.,
    169 A.D.2d 639 (1st Dept., 1991), lv. dismissed 78 N.Y.2d 952 (1991)............8

Fleet Bank v. Pine Knoll Corp.,
    290 A.D.2d 792, 795 (3rd Dept., 2002)...................................................13

Goldman v. Metropolitan Life Ins. Co.,
    5 N.Y.3d 561, 570 (2005)...............................................................6

Heard v. City of New York,
    82 N.Y.2d 66 (1993)....................................................................7

Hudson River Club v. Consolidated Edison Co. of New York, Inc.,
    275 A.D.2d 218, 220 (1st Dept., 2000)..................................................7

International Prods. Co. v. Erie R.R. Co.,
    244 N.Y. 331 (1927), cert. denied, 275 U.S. 527 (1927)..............................7

J.A.O. Acquisition Corp. v. Stavitsky,
    8 N.Y.3d 144, 148 (2007)..............................................................7

Kimmel v. Schaefer,
    89 N.Y.2d 257, 263 (1996).........................................................7, 8

Leon v Martinez,
    84 N.Y.2d 83 (1994)....................................................................6

M & T Bank Corp. v. Gemstone CDO VII, Ltd.,
    68 A.D.3d 1747 (4th Dept., 2009)....................................................10

MBIA Ins. Co. v. GMAC Mortgage LLC,
    914 N.Y.S.2d 604, 610 (Sup. Ct. N.Y. Co., 2010)....................9, 10, 11, 12

MBIA Ins. Co. v. Residential Funding Co., LLC,
    26 Misc.3d 1204(A), 2009 WL5178337 at *5 (N.Y. Sup. Ct., Dec. 22, 2009)....11

National Bank of N. Am. v. Marine Midland Grace Trust Co.,
    33 A.D.2d 678 (1st Dept., 1969).......................................................16

OP Solutions, Inc. v. Crowell & Moring, LLP,
    72 A.D.3d 622 (1st Dept., 2010)......................................................13

Parisi v. Metroflag Polo, LLC,
    51 A.D.3d 424 (1st Dept., 2008).......................................................9

00875422.1

<u>Pludeman v. Northern Leasing Systems, Inc.</u>,
    10 N.Y.3d 486, 491 (2008)..............................................................15

<u>Scott v. KeyCorp.</u>,
    247 A.D.2d 722, 725 (3rd Dept., 1998).......................................13

<u>Sebastian Holdings, Inc. v. Deutsche Bank AG</u>,
    78 A.D.3d 446, 447 (1st Dept., 2010)........................................12

<u>Silvers v. State</u>,
    68 A.D.3d 668, 669 (1st Dept., 2009).........................................9

<u>Sheridan v. Trs. of Columbia Univ.</u>,
    296 A.D.2d 314, 316 (1st Dept., 2002)......................................10

<u>St. Patrick's Home for Aged and Infirm v. Laticrete Intern., Inc.</u>,
    264 A.D.2d 652, 658 (1st Dept., 1999)....................................7, 9

<u>United Safety of America, Inc., v. Consolidated Edison Co. of New York, Inc.</u>,
    213 A.D.2d 283, 286 (1st Dept., 1995)...................................7, 9

## **STATUTES**

Civil Procedure Law and Rules 3016(b).......................................14, 15, 16

Civil Procedure Law and Rules 3211(a)(7)...........................................6

Civil Procedure Law and Rules 8101.................................................16

Federal Rules of Civil Procedure 9(b)........................................14, 15, 16

Federal Rules of Civil Procedure 12(b)(6)...........................................6

Federal Rules of Civil Procedure 54 (d)(1)..........................................16

## I.    INTRODUCTION

Defendant Richard Connelly respectfully submits this Memorandum of Law in support of his motion to dismiss the Complaint of Plaintiffs Christopher Watson and Intellectus, LLC.

The Complaint alleges two causes of action against Defendant Connelly, both of which sound in common law negligent misrepresentation. These causes of action are not sufficiently supported by allegations establishing facts that show a special relationship with Defendant Connelly or specialized knowledge of Defendant Connelly, such that the Plaintiffs were justified in relying on statements made by Defendant Connelly. More significantly, the Complaint fails to allege or refer to a single statement or representation made by Defendant Connelly to the Plaintiffs that could sustain a cause of action for negligent misrepresentation. The Complaint fails to state any allegations of negligent misrepresentation by Defendant Connelly individually with the particularity required under the applicable law. The few references to Defendant Connelly in the Complaint refer only generally to all "Individual Defendants" and do not describe any violation of the law or support Plaintiffs' causes of action. Defendant Connelly respectfully requests that the Complaint be dismissed in its entirety for its failure to sufficiently state any claim against him.

## II.    ALLEGATIONS

This memorandum of law is respectfully submitted in support of the within motion seeking an Order

    a.    Pursuant to FRCP 12(b)(6) and CPLR 3211(a)(7) dismissing with
          prejudice Plaintiffs' causes of action for common law negligent

misrepresentation in Counts 3 and 8 as to Richard Connelly based upon Plaintiffs' failure to state a claim;

b.    Pursuant to FRCP 54 (d)(1) and CPLR 8101, granting costs to Defendant Connelly; and

c.    For such other, further and different relief as this Court deems just and proper.

On March 18, 2011, Plaintiffs served a Complaint dated February 8, 2011, under Docket No. 11-CV-0874, upon Richard Connelly, and a responsive pleading or motion in lieu of same under Federal Rules of Civil Procedure, Rule 12 is due April 8, 2011.

Plaintiffs' Complaint alleges that Richard Connelly was the Chief Financial Officer of Defendant Riptide Worldwide, Inc., at all times relevant to this action (¶ 7), and that in March 2007, Riptide Worldwide, Inc., "through Wilde and the other Individual Defendants expressed an interest in the potential acquisition of Bravera." (¶ 13 and 14)  The Complaint alleges that on April 26, 2007, a Merger Agreement was signed. Notably, Defendant Connelly did not sign this document, is not a party to the Merger Agreement, and is not named or referenced in this document.  (See Merger Agreement, Exhibit 1 of Plaintiffs' Complaint.)

Plaintiffs do not allege that Defendant Connelly had any conversations in March or April 2007 about the potential acquisition of Bravera or the Merger Agreement with the Plaintiffs.  Plaintiffs fail to allege any representation made directly by Defendant Connelly to the Plaintiffs at any time in relation to the Merger Agreement or to the negotiations preceding the Agreement.  Instead, Plaintiffs' Complaint alleges that Wilde and the "other Individual Defendants" generally made representations regarding Riptide Worldwide's capital structure, specifically that Riptide Worldwide had issued 24,945,000 shares of the Parent Common Stock and 2,300,000 shares of Series A Preferred Stock.

Plaintiffs state that this representation was stated in the Merger Agreement at § 3.2. (¶ 21) Other than the inclusion of this information in the Merger Agreement, Plaintiffs allege no other time or place that such representation was made about this information by any party.  Plaintiffs never identify any representation made by Defendant Connolly about this information.

Plaintiffs' Complaint alleges that on July 12 and 13, 2007, Defendant Riptide Worldwide, Inc., increased the number of outstanding shares and entered into an agreement with two other investors to issue additional shares (¶25 – 28), and that the Individual Defendants generally did not inform Plaintiffs of these changes. (¶ 29 – 30) Plaintiffs further allege that because of these alleged actions taken by Defendant Riptide Worldwide, Inc., on July 12 and 13, 2007, the Individual Defendants generally knew or should have known the information in §3.2 was false. (¶ 24)

Plaintiffs' Complaint alleges that the Individual Defendants generally misrepresented the liabilities of Defendant Riptide Worldwide, Inc., as discussed in §3.4(a) of the Merger Agreement (¶ 33 – 36), and that the Individual Defendants generally failed to disclose these liabilities, which were not stated in Defendant Riptide Worldwide, Inc.'s, financial statements. (¶ 41)  Plaintiffs never identify any particular misrepresentation made by Defendant Connolly about this information.

Plaintiffs' Complaint alleges that §3.6 of the Merger Agreement regarding representation that the minute books, share registers, and other records of Defendant Riptide Worldwide, Inc., were complete and correct in all material respects was false. (¶ 49 – 50)

Plaintiffs' Complaint alleges that §1.6(ii) of the Merger Agreement represented that the Plaintiff Watson would be paid the cash portion of his consideration at closing and that Defendant Riptide Worldwide, Inc., would obtain necessary funds to complete the merger in §3.18. (¶ 52 – 53)

Plaintiffs' Complaint alleges that the Individual Defendants knew or should have known that certain statements made by Defendant Wilde were false, concerning settlement of two litigation matters in which Defendant Wilde was personally named, neither of which involved Defendant Connelly as a party. (¶ 93 – 99)

Nowhere in the Complaint do the Plaintiffs allege specific statements or representations made by Defendant Connelly at any time in connection with any of the above allegations.  There is no allegation of direct contact or communication between Defendant Connelly and the Plaintiffs at any time.   The only vague references to Defendant Connelly are stated in terms of general allegations against all of the "Individual Defendants;" Defendant Connelly is never alleged to have made any particular statements or representations or taken any specific actions whatsoever in connection with the alleged negotiations and Agreements.

The only claims alleged against Defendant Connelly in the Complaint are Counts 3 and 8.   In generally identical language, the Plaintiffs allege that the Individual Defendants owed the Plaintiffs a duty of truthfulness and honesty in the negotiations that resulted in the Merger Agreement and the Employment Agreement by virtue of

> the Individual Defendants' superior knowledge of Riptide Worldwide's financial status, the lengthy negotiation between the parties, the intended long-term relationship between the parties, and the close and trusting relationship between the parties that arose during negotiations. (¶ 115 and 153)

In Counts 3 and 8, Plaintiffs allege that unspecified material information provided during the negotiations and incorporated into the Merger Agreement, Employment Agreement, and Supplemental Agreement was incorrect (¶ 116 and 154); that these representations were false and Individual Defendants "knew or should have known they were false when made" (¶117 and 155); that the Individual Defendants had a duty to correct the misinformation (¶ 118 and 156); and that the Plaintiffs relied upon the information provided in consummating the Merger Agreement, Employment Agreement, and the Supplemental Agreement. (¶ 119 and 157)

Plaintiffs never allege any statements made by Defendant Connelly concerning his participation in due diligence.   Plaintiffs never state what information or representations, if any, were provided by Defendant Connelly.  Plaintiffs never allege any facts or actions by Defendant Connelly that establish any direct contact with Defendant Connelly or any relationship with Defendant Connelly whatsoever.   Plaintiffs never allege any reliance upon statements attributed to Defendant Connelly; indeed no specific statements or representations are ever attributed to Defendant Connelly.  Plaintiffs never state how, if at all, Connelly was involved in the preparation of, discussions about, or execution of the Agreements annexed to the Complaint.   Importantly, Defendant Connelly's name or signature appears on NONE of these documents.   Other than the generally conclusory statements about all "Individual Defendants," Plaintiffs never state what Defendant Connelly did or said in relation to any discussions or transactions leading up to the execution of the Agreements at issue.

### III.   LEGAL ARGUMENT

**A.**   **Plaintiffs fail to sufficiently plead a cause of action for negligent misrepresentation against Defendant Connelly; therefore, these claims must be dismissed.**

Federal Rule of Civil Procedure, Rule 12(b)(6) provides that a party may move in lieu of an Answer for relief when the Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Similarly, New York's Civil Practice Law and Rules 3211(a)(7) allows a party to move for dismissal of certain claims if they do not state a cause of action.

On a motion to dismiss for failure to state a cause of action, the court must accept all the facts alleged as true, accord the plaintiff the benefit of every possible inference, not evaluate the merits of the case, and determine only whether the facts as alleged fit within any cognizable legal theory. Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 570 (2005); Leon v Martinez, 84 N.Y.2d 83 (1994).

Negligent misrepresentation occurs under New York law when (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied upon it to his or her detriment. B&M Linen Corp. v. Kannegiesser, USA, Corp., 679 F.Supp.2d 474, 483 (S.D.N.Y., 2010), citing Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir., 2000).

A claim for negligent misrepresentation requires the plaintiff to plead facts showing (1) the existence of a special or privity-like relationship imposing a duty on the

defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information. J.A.O. Acquisition Corp. v. Stavitsky, 8 N.Y.3d 144, 148 (2007).

In the commercial context, a duty to speak with care exists when "the relationship of the parties, arising out of contract or otherwise [is] such that in morals and good conscience the one has the right to rely upon the other for information" Kimmel v. Schaefer, 89 N.Y.2d 257, 263 (1996), citing International Prods. Co. v. Erie R.R. Co., 244 N.Y. 331 (1927), cert. denied, 275 U.S. 527 (1927); St. Patrick's Home for Aged and Infirm v. Laticrete Intern., Inc., 264 A.D.2d 652, 658 (1st Dept., 1999).

Liability for negligent misrepresentations is imposed upon only those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentations is justified. Kimmel, at 263; United Safety of America, Inc., v. Consolidated Edison Co. of New York, Inc., 213 A.D.2d 283, 286 (1st Dept., 1995); Hudson River Club v. Consolidated Edison Co. of New York, Inc., 275 A.D.2d 218, 220 (1st Dept., 2000).

This reliance must be justifiable, as a "casual response given informally does not stand on the same legal footing as a deliberate representation for purposes of determining whether an action in negligence has been established" Kimmel, at 263, citing Heard v. City of New York, 82 N.Y.2d 66 (1993). In determining whether justifiable reliance exists, a fact finder should consider whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or

confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose. Kimmel, at 264.

1.   **There are no facts alleged sufficient to support a finding that a "special relationship" existed between the Plaintiffs and Defendant Connelly.**

The plaintiffs' Complaint fails to make any allegations that support the existence of a special relationship between Plaintiffs and Defendant Connelly.  Plaintiffs never state what information or representations, if any, were provided to the Plaintiffs by Defendant Connelly.  Plaintiffs never allege any facts or actions by Defendant Connelly that establish any direct contact with Defendant Connelly or any relationship with Defendant Connelly whatsoever.  Plaintiffs never allege any reliance upon statements attributed to Defendant Connelly; indeed no specific statements or representations are ever attributed to Defendant Connelly.  Plaintiffs never state how, if at all, Connelly was involved in the preparation of, discussions about, or execution of the Agreements annexed to the Complaint.  Importantly, Defendant Connelly's name or signature appears on NONE of the Agreements at issue in this case.  The only identifying information in the entire Complaint about Defendant Connelly is the allegation that he was the Chief Financial Officer of Defendant Riptide Worldwide, Inc. (¶ 7)

It is well settled in New York that the requisite "special relationship" does not exist between sophisticated commercial entities that enter into an agreement through an arm's length business transaction. Beneficial Commercial Corp. v. Murray Glick Datsun Inc., 601 F.Supp. 770, 772 (S.D.N.Y., 1985) ("No fiduciary relationship exists under the facts alleged in the pleadings which show that the two parties were acting and contracting at arms length."); Delcor Labs. v. Cosmair, Inc., 169 A.D.2d 639 (1st Dept., 1991), lv.

00875184.1                                    8

dismissed 78 N.Y.2d 952 (1991); Compania Sud. Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co., 785 F.Supp. 411, 426 (S.D.N.Y., 1992) ("[W]here parties deal at arms length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances.") (internal quotations and citations omitted); Andres v. LeRoy Adventures, 201 A.D.2d 262 (1st Dept., 1994); United Safety of America, Inc., v. Consolidated Edison Co. of New York, Inc., supra; St. Patrick's Home for Aged and Infirm v. Laticrete Intern., Inc., supra; Greenberg v. Chrust, 198 F.Supp.2d 578, 585 (S.D.N.Y., 2002) ("[P]arties to arms length commercial contracts do not owe each other a fiduciary obligation.") (citations omitted); Silvers v. State, 68 A.D.3d 668, 669 (1st Dept., 2009); Aerolineas Galapagos, S.A. v. Sundowner Alexandria, LLC, 74 A.D.3d 652, 653 (1st Dept., 2010); MBIA Ins. Co. v. GMAC Mortgage LLC, 914 N.Y.S.2d 604, 610 (Sup. Ct. N.Y. Co., 2010), citing Parisi v. Metroflag Polo, LLC, 51 A.D.3d 424 (1st Dept., 2008); see also, Amusement Industry Inc. v. Stern, --F.Supp.2d --, 2011 WL 867274 (S.D.N.Y., March 11, 2011) ("The transaction between the parties is alleged to have been nothing more than an arm's length business arrangement between sophisticated and experienced parties, a circumstance insufficient to create a 'special relationship.'") (citations omitted).

Plaintiffs have only identified Defendant Connelly as the Chief Financial Officer of the Defendant Riptide Worldwide, Inc. Beyond that, Plaintiffs have provided no facts whatsoever that demonstrate any direct relationship or communications with Defendant Connelly or any representations made by Defendant Connelly in relation to the Agreements at issue. Thus, to the extent that at most Plaintiffs have alleged that

Defendant Connelly had an unspecified role as an officer or employee of Defendant Riptide Worldwide, Inc., such allegations, in a light most favorable to the Plaintiffs, demonstrate at best an arms-length business transaction with an officer of the Defendant Riptide Worldwide, Inc.  Based upon the foregoing extensively cited and well-settled law, Plaintiffs cannot rely upon such an arms-length business relationship to establish the special relationship with Defendant Connelly necessary to sustain a cause of action for negligent misrepresentation.  The claims against Defendant Connelly for negligent misrepresentation must be dismissed.

The very short negotiation period alleged by the Plaintiffs also warrants the finding that there is no special relationship between the Plaintiffs and Defendant Connelly.  The complaint reflects that prior to signing the Merger Agreement on April 26, 2007, the Plaintiffs had been approached by "Wilde and the Individual Defendants" in March 2007; thus the relationship between Plaintiffs and any of the named Defendants was only at most two months old.  Courts have held that there is no special relationship where parties are operating independently in an arms-length business transaction, with no prior existing relationship and with no reason to repose trust in the other.  See, Amusement Industry Inc. v. Stern, supra; e.g., M & T Corp. v. Gemstone CDO VII, Ltd., 68 A.D.3d 1747 (4th Dept., 2009) (finding no special relationship in part because "the parties had no relationship prior to this arms-length transaction") (citations omitted).

Further, the number of years or transactions undertaken by two business entities does not create a relationship of trust.  MBIA Ins. Co. v. GMAC Mortgage LLC, at 610, citing Sheridan v. Trs. of Columbia Univ., 296 A.D.2d 314, 316 (1st Dept., 2002).  In MBIA Ins. Co. v. GMAC Mortgage LLC, the Court found that a business relationship of

eight similar transactions over six years did not constitute a special relationship of trust and confidence, because both parties to the transactions were sophisticated commercial entities that entered into the agreements at arm's length. Id., at 610.

Based upon the foregoing, a business relationship of less than two months was obviously not sufficient to warrant finding a special relationship between the Plaintiffs and Defendant Connelly. Further, Plaintiffs cannot rely upon an arms-length business relationship to establish the special relationship with Defendant Connelly necessary to sustain a cause of action for negligent misrepresentation. This is particularly true when the Complaint is silent as to any particular statements or representations by Defendant Connelly himself upon which the Plaintiffs relied. The claims against Defendant Connelly for negligent misrepresentation must be dismissed.

> **2.      There are no facts alleged to support a finding that Defendant Connelly had "specialized knowledge" upon which the Plaintiffs justifiably relied.**

In Paragraphs 115 and 153 of the Plaintiffs' Complaint, the Plaintiffs allege that Defendant Connelly owed a duty to correct the information provided to the Plaintiffs in the Agreements "by virtue of… the Individual Defendants' superior knowledge of Riptide Worldwide's financial status…".

New York Courts have found that where the alleged area of expertise involved the particulars of the defendant's business, this is not "specialized knowledge" sufficient to sustain a cause of action for negligent misrepresentation. MBIA Ins. Co. v. GMAC Mortgage LLC, at 611, citing Batas v. Prudential Ins. Co. of Am., 281 A.D.2d 260, 264 (1st Dept., 2001); MBIA Ins. Co. v. Residential Funding Co., LLC, 26 Misc.3d 1204(A),

2009 WL5178337 at *5 (N.Y. Sup. Ct., Dec. 22, 2009); <u>Amusement Industry Inc. v.</u> <u>Stern</u>, <u>supra</u> ("[T]he mere fact that a defendant possesses certain documentation relating to a transaction is not enough to meet the "special expertise" element.")

In <u>MBIA Ins. Co. v. GMAC Mortgage LLC</u>, <u>supra</u>, the Court held that GMAC's alleged superior knowledge of its *own* Underwriting Standards and the credit quality of mortgage loans it held was not "specialized knowledge" sufficient to support a claim for negligent misrepresentation, and that cause of action was dismissed. <u>Id.</u>, at 611; <u>see also,</u> <u>Sebastian Holdings, Inc. v. Deutsche Bank AG</u>, 78 A.D.3d 446, 447 (1st Dept., 2010) (No fiduciary relationship found because "[p]laintiff's alleged reliance on defendant's superior knowledge and expertise in connection with its foreign exchange trading account ignores the reality that the parties engaged in arm's-length transactions pursuant to contracts between sophisticated business entities that do not give rise to fiduciary duties.") (citations omitted)

Based upon the foregoing, the Court cannot find that Defendant Connelly had specialized knowledge sufficient to sustain a cause of action for negligent misrepresentation due to "specialized knowledge" about the financial status of Defendant Riptide Worldwide, Inc. Further, the Plaintiffs fail to allege any specialized knowledge possessed by Defendant Connelly individually, upon which the Plaintiffs relied. Plaintiffs fail to identify one single representation or statement made by Defendant Connelly in the course of negotiations, and Defendant Connelly is not a party to the Agreements at issue in this case. The claims for negligent misrepresentation against Defendant Connelly must be dismissed.

3.   **A claim for negligent misrepresentation is precluded where the allegations are essentially those supporting a claim for breach of contract.**

In general, a claim for negligent misrepresentation is precluded in a breach of contract action absent a violation of a legal duty "independent of that created by the contract." Fleet Bank v. Pine Knoll Corp., 290 A.D.2d 792, 795 (3rd Dept., 2002), citing Scott v. KeyCorp., 247 A.D.2d 722, 725 (3rd Dept., 1998); OP Solutions, Inc. v. Crowell & Moring, LLP, 72 A.D.3d 622 (1st Dept., 2010) (It is well settled that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.) (citations omitted)

Even a deliberately false statement that the defendant intends to perform on a contract, when he does not, will not suffice.  To maintain a fraud claim alongside a breach of contract claim, a plaintiff must (1) demonstrate a legal duty separate from the duty to perform under the contract; (2) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.  B&M Linen Corp., at 480 (internal quotations and citations omitted)

The allegations cited in the Plaintiffs' Complaint for the claims of negligent misrepresentation are identical to the several claims for breach of the Merger Agreement, Employment Agreement, and Supplemental Agreement against Defendant Riptide Worldwide, Inc., and Defendant Wilde.  Thus, the only way that the tort claim for negligent misrepresentation can survive is by proof of a special relationship with Defendant Connelly and an independent representation that is "collateral or extraneous to the contract." B&M Linen Corp., at 480.  Without this showing, the claims for negligent

13

misrepresentation must be dismissed, as they are duplicative of the breach of contract claims.

All of the allegations of misrepresentations alleged in Counts 3 and 8 are simply allegations of misrepresentations of the warranties documented within the various Agreements at issue in this case.  Notably, Defendant Connelly was not a party to any of these Agreements.   As Plaintiffs have failed to allege a single representation or communication made by Defendant Connelly separate from language contained within the Agreements, and have failed to allege any facts that would warrant a finding of a special relationship between Defendant Connelly and the Plaintiffs, the claims for negligent misrepresentation must be dismissed as to Defendant Connelly.

**B.     Plaintiffs fail to sufficiently plead a cause of action for negligent misrepresentation against Defendant Connelly with the requisite particularity; therefore, Counts 3 and 8 must be dismissed.**

A claim for negligent misrepresentation requires particularity in stating the circumstances constituting the fraud or mistake, pursuant to FRCP Rule 9(b) and CPLR 3016(b).  See, B&M Linen Corp., at 484.

FRCP Rule 9(b), states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."

Pleadings alleging common law fraud and misrepresentation claims in New York are similarly subject to the particularity requirements of CPLR 3016(b), which states "where a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the

wrong shall be stated in detail." <u>See, Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of NY</u>, 375 F.3d 168, 187 (2d Cir., 2004), <u>Pludeman v. Northern Leasing Systems, Inc.</u>, 10 N.Y.3d 486, 491 (2008).

To meet the requirements of Rule 9(b) and CPLR 3016(b) a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." <u>B&M Linen Corp.</u>, at 481, quoting <u>Eternity Global Master Fund,</u> at 187; <u>Pludeman</u>, at 491.

Plaintiffs have not stated a single specific statement or representation made to them by Defendant Connelly, and further, Defendant Connelly did not sign and is not named in the documents that comprise the statements presented in the Complaint as the basis for the causes of action for Counts 3 and 8.

Plaintiffs fail to allege any statement or representation by Defendant Connelly individually with the above referenced specificity.  No individuals are identified as having made any particular statements or representations in either of Counts 3 or 8, no time or place is ever specified as to any misrepresentations alleged in these Counts, and importantly, Defendant Connelly is never alleged to have made any particular statements or omissions within these discussions or documents, except in the most abstruse and sweeping generalization among the unidentified actions of the "Individual Defendants."

Sweeping references to the collective fraudulent actions of multiple defendants do not satisfy the particularity requirements of Rule 9(b). <u>See, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,</u> 1994 WL 88129 at 7 (S.D.N.Y., 1994); <u>Three Crown Ltd. Partnership v. Caxton Corp.</u>, 817 F.Supp. 1033, 1041 (S.D.N.Y., 1993) (Where multiple

defendants are charged with a fraud, the complaint must be specific as to the nature of each defendant's alleged participation.); Center Cadillac v. Bank Leumi Trust Co., 808 F.Supp. 213, 230 (S.D.N.Y., 1992).

None of these general allegations of negligent misrepresentations in Counts 3 and 8 have been pled with sufficiency under FRCP Rule 9(b) or CPLR 3016(b) to survive a motion to dismiss. Therefore, there can be no finding by the Court that the Plaintiffs have adequately pleaded a cause of action for fraudulent misrepresentation. Counts 3 and 8 must be dismissed in their entirety as to Defendant Connelly.

**C.    Upon dismissal of the Plaintiffs' Complaint as to Defendant Connelly, costs should be awarded to Defendant Connelly as the prevailing party.**

FRCP Rule 54 (d)(1) states that unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. CPLR 8101, modeled upon the Federal Rule, provides that the party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to allow costs would not be equitable, under all of the circumstances. See also, National Bank of N. Am. v. Marine Midland Grace Trust Co., 33 A.D.2d 678 (1st Dept., 1969) (error to refuse costs to the prevailing party, unless the Court determines that to allow costs would not be equitable.)

Therefore, based upon the foregoing, upon dismissal of the Plaintiffs' Complaint against Defendant Connelly on the grounds argued above, the Defendant respectfully requests that the Court award costs.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Richard Connelly respectfully requests that the Court dismiss with prejudice Counts 3 and 8, and that the Court thereby dismiss the entire Complaint as to Defendant Connelly, and that the Court award costs to Defendant Connelly as statutorily provided, and any such other and further relief that this Court deems just and proper.

Respectfully submitted,

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Dated: April 7, 2011

Raymond R. Castello, Esq.  (RC 2106)
655 Third Avenue, 28th Floor
New York, New York 10017
Telephone: (212) 599-8200
Facsimile: (212) 599-7765

*Attorneys for Richard Connelly*

00875184.1                                          17

### *AFFIDAVIT OF SERVICE BY MAIL*

STATE OF NEW YORK    )
                           )    ss.:
COUNTY OF NEW YORK  )

      MELISSA WHALEN, being duly sworn, deposes and says:  that deponent is not a party to this action, is over 18 years of age and resides in Brewster, New York.

      That on the 7th day of April, 2011 deponent served the within ***NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILING TO STATE A CLAIM AS TO DEFENDANT RICHARD CONNELLY*** upon:

RIPTIDE WORLDWIDE, INC.
(f/k/a SHEA DEVELOPMENT CORP.)
200 East Palm Valley Drive, 2nd Floor
Oviedo, Florida 32765

FRANCIS E. WILDE
316 Ridgehaven Place
Richardson, Texas 75080

TOMMY E. WHEELER
13846 Atlantic Boulevard
Unit #404
Jacksonville, Florida 32225

E. JOSEPH VITETTA, JR.
12301 Cicero Drive
Alpharetta, Georgia 30022

PHILIP E. LOEFFEL
200 East Palm Valley Drive
Suite 2000
Oviedo, Florida 32765

      at the address designated by said attorney(s) for that purpose, by depositing a true copy thereof enclosed in a first class postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service department within the State of New York.

*MELISSA WHALEN*
MELISSA WHALEN

Sworn to before me this
7th day of April, 2011

Notary Public

00873904.1

RUTH WACHTER-CARROLL
Notary Public, State of New York
No. 01WA6182646
Qualified in Queens County
Commission Expires March 3, 20 13