USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 14 APR 2011

# SHAUB, AHMUTY, CITRIN & SPRATT, LLP

ATTORNEYS AT LAW
655 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 599-8200
Facsimile: (212) 599-7765
info@sacslaw.com

1983 MARCUS AVENUE
LAKE SUCCESS, NEW YORK 11042-1056
(516) 488-3300
Facsimile: (516) 488-2324

Raymond Richard Castello
rcastello@sacslaw.com

April 11, 2011

*Via Email Only: CrottyNYSDChambers@nysd.uscourts.gov*
Judge Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735, Courtroom 20-C
New York, NY 10007

4/14/2011

There is no need for a pre-motion conference. Defendant Connelly is permitted to move to dismiss the plaintiffs' complaint. The parties are to meet and confer and agree upon a briefing schedule. The schedule should be submitted for Court approval.

So ordered.

Paul Crotty
USDJ

Re: *Watson and Intellectus, LLP, v. Connelly, et al.* 1:11-cv-0874(PAC)
SACS File No.: 60-00017

Dear Hon. Judge Crotty:

Defendant Richard Connelly respectfully requests the Court's permission to move to dismiss the Complaint of Plaintiffs Christopher Watson and Intellectus, LLC., in lieu of serving an Answer, pursuant to FRCP 12(b)(6) and CPLR 3211(a)(7). With apologies for overlooking the Court's requirement for requesting a pre-motion conference via correspondence prior to serving a motion in lieu of an Answer, Defendant Connelly submitted a Memorandum of Law through ECF to avoid unnecessary motion practice that may have resulted from a default.

On March 18, 2011, Plaintiffs served a Complaint dated February 8, 2011, under Docket No. 11-CV-0874, upon Richard Connelly. The Complaint alleges two causes of action against Defendant Connelly, both of which sound in common law negligent misrepresentation.

Liability for negligent misrepresentations is imposed upon only those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentations is justified. Kimmel v. Schaefer, 89 N.Y.2d 257, 263 (1996); United Safety of America, Inc., v. Consolidated Edison Co. of New York, Inc., 213 A.D.2d 283, 286 (1st Dept., 1995); Hudson River Club v. Consolidated Edison Co. of New York, Inc., 275 A.D.2d 218, 220 (1st Dept., 2000).

The Plaintiffs' Complaint fails to make any allegations that support the existence of any relationship whatsoever between Plaintiffs and Defendant Connelly, let alone a "special relationship" that would justify reliance by the Plaintiffs upon representations by Defendant Connelly. Although Plaintiffs' Complaint identifies Defendant Connelly as the Chief Financial Officer of Defendant Riptide Worldwide, Inc., Plaintiffs never state how, if at all, Connelly was involved in the preparation of, discussions about, or execution of the Agreements annexed to the Complaint. Further, it is well settled in New York that the requisite "special relationship" does not exist between sophisticated commercial entities that enter into an agreement through an

**MEMO ENDORSED**

arm's length business transaction, so there is no justification for the reliance upon any representations made by any parties to the negotiations alleged by the Plaintiffs in this matter. Beneficial Commercial Corp. v. Murray Glick Datsun Inc., 601 F.Supp. 770, 772 (S.D.N.Y., 1985); Delcor Labs. v. Cosmair, Inc., 169 A.D.2d 639 (1st Dept., 1991), lv. dismissed 78 N.Y.2d 952 (1991); Compania Sud. Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co., 785 F.Supp. 411, 426 (S.D.N.Y., 1992); Aerolineas Galapagos, S.A. v. Sundowner Alexandria, LLC, 74 A.D.3d 652, 653 (1st Dept., 2010).

New York Courts also hold that where the alleged area of expertise involved the particulars of the defendant's business, this is not "specialized knowledge" sufficient to sustain a cause of action for negligent misrepresentation. MBIA Ins. Co. v. GMAC Mortgage LLC, 914 N.Y.S.2d 604, 611 (Sup. Ct. N.Y. Co., 2010), citing Batas v. Prudential Ins. Co. of Am., 281 A.D.2d 260, 264 (1st Dept., 2001). Thus the Plaintiffs' allegation that Defendant Connelly had specialized knowledge by virtue of his knowledge of the financial status of Defendant Riptide Worldwide, Inc., is insufficient to sustain these claims.

Further, a claim for negligent misrepresentation requires particularity in stating the circumstances constituting the fraud or mistake, pursuant to FRCP Rule 9(b) and CPLR 3016(b). Plaintiffs have not stated a single specific statement or representation made to them by Defendant Connelly, and Defendant Connelly was not a party to the Agreements that are cited in the Complaint as the basis for the causes of action for Counts 3 and 8.

To meet the requirements of Rule 9(b) and CPLR 3016(b) a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." B&M Linen Corp. v. Kannegiesser, USA, Corp., 679 F.Supp.2d 474, 481 (S.D.N.Y., 2010); Pludeman v. Northern Leasing Systems, Inc., 10 N.Y.3d 486, 491 (2008). Sweeping references to the collective fraudulent actions of multiple defendants do not satisfy the particularity requirements of Rule 9(b). See, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young, 1994 WL 88129 at 7 (S.D.N.Y., 1994); Three Crown Ltd. Partnership v. Caxton Corp., 817 F.Supp. 1033, 1041 (S.D.N.Y., 1993); Center Cadillac v. Bank Leumi Trust Co., 808 F.Supp. 213, 230 (S.D.N.Y., 1992).

Plaintiffs fail to allege any statement or representation by Defendant Connelly individually with the above referenced specificity. Defendant Connelly is never alleged to have made any particular statements or omissions within these discussions or documents, except in the most abstruse and sweeping generalization among the unidentified actions of the "Individual Defendants."

    *Re:*  *Watson and Intellectus, LLP, v. Connelly, et al.  1:11-cv-0874(PAC)*
       SACS File No.: 60-00017
       Page 3

   Because there is no basis for finding a special relationship or specialized knowledge on the part of Defendant Connelly such that the claims for negligent misrepresentation can be sustained based upon these pleadings and the claims have not been pleaded with the sufficient particularity, Defendant Connelly respectfully requests the Court's permission to move for dismissal of the Plaintiffs' Complaint in lieu of serving an Answer.

                Very truly yours,

                Raymond R. Castello

RRC/mm

cc: Nicholas Fortuna (NF-9191)
   Megan J. Muoio (JM-6121)
   Allyn & Fortuna
   200 Madison Avenue, 5th Floor
   New York, NY 10016
   Via email: mmuoio@allynfortuna.com]
          nfortuna@allynfortuna.com

00875662.1



**ALLYN & FORTUNA LLP**
ATTORNEYS AT LAW

NEW YORK
200 Madison Avenue, 5th Floor
New York, New York 10016
Telephone (212) 213-8844
Facsimile (212) 213-3318

NEW JERSEY
75 Main Street, Suite 101
Millburn, New Jersey 07041
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

**Via Electronic Mail: CrottyNYSDChambers@nysd.uscourts.gov**

The Honorable Paul A. Crotty
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street, Chambers 735
New York, NY 10007

4/14/11

Re:   **Christopher Watson and Intellectus, LLP, v. Riptide Worldwide, Inc., *et al.*,
        Case No.: 1:11-cv-0874 (PAC)**

Dear Judge Crotty:

   Pursuant to Your Honor's Individual Practice Rules, please allow this to serve as the Plaintiffs' letter in response to Defendant Richard Connelly's pre-motion conference letter in the above-referenced matter. In his pre-conference letter, Defendant Connelly appears to rest his argument on two grounds. First, Defendant Connelly contends that the Plaintiffs have failed to plead a special relationship between them and Defendant Connelly such that the Plaintiffs cannot maintain a claim for negligent misrepresentation. Second, Defendant Connelly contends that the Plaintiffs have failed to satisfy certain pleading requirements purportedly by failing to allege specific misrepresentations made by Defendant Connelly. As set forth more fully below, Defendant Connelly has failed to address two well-founded and controlling lines of cases -- one dealing with the "special relationship" requirement in the context of complex corporate acquisitions and the other relating to the "group pleading doctrine." Therefore, Defendant Connelly has failed to state a meritorious basis for his proposed motion to dismiss.

**A.    "Special Relationship" Requirement.**[1]

   In his letter, Defendant Connelly ignores the fact that the transaction that is the subject of this case was a complex corporate acquisition, the negotiations for which spanned over 5 months. As such, Defendant Connelly has ignored a well-established and applicable line of cases from

---

[1] Initially, it should be noted that "Courts in this circuit have held that a determination of whether a special relationship exists is highly fact-specific and 'generally not susceptible to resolution at the pleadings stage.'" Century Pacific, Inc. v. Hilton Hotels Corp., No. 03 Civ. 8258 (SAS), 2004 WL 868211 at *8 (S.D.N.Y. 2004) (quoting Nasik Breeding & Research Farm Ltd. v. Merck & Co., 165 F.Supp.2d 514, 536 (S.D.N.Y. 2001)).

*Gruber v. Victor, 1996 WL 492991*
issue of special relationship typically decided not at pleading but after trial

The Honorable Paul A. Crotty
April 14, 2011
Page 2 of 3

this District in which the Court has "refused to dismiss negligent misrepresentation claims where the plaintiff has alleged the existence of a special relationship between a buyer and seller in the context of a corporate acquisition involving lengthy negotiations." Lewis v. Rosenfeld, 138 F.Supp.2d 466, 481 (S.D.N.Y. 2001); see also Polycast Tech. Corp. v. Uniroyal, Inc., 1988 WL 96586 (S.D.N.Y. Aug. 31, 1988); Delta Holdings, Inc. v. National Distillers and Chem. Corp., 1988 WL 36330 (S.D.N.Y. Apr. 11, 1988). A leading case in that line is Dimon Inc. v. Folium, Inc., 48 F.Supp.2d 359 (S.D.N.Y. 1999). In Dimon, the plaintiff alleged that it had been "fraudulently induced to overpay for the acquisition" of another company and asserted a claim for, among other things, negligent misrepresentation. Dimon, 48 F.Supp.2d at 361. The defendants moved to dismiss the plaintiff's claim for negligent misrepresentation arguing that a special relationship did not exist between the plaintiff and the defendants. After acknowledging that an ordinary buyer/seller relationship is insufficient to establish the required special relationship, the court held that a special relationship could exist "in corporate acquisitions involving lengthy negotiations." Id., at 373. As a result, the Court denied the Defendants' motion to dismiss, citing as evidence of a special relationship: (1) the complexity of deal; (2) the lengthy negotiations between the parties[2]; and (3) the possibility of a long-term relationship between the parties. Id., at 373-74.

Here, as in Dimon, the Plaintiffs have sufficiently pled: (1) the complexity of the corporate acquisition; (2) the lengthy nature of the negotiations; and (3) the intended long-term relationship contemplated by the parties (through Plaintiff Watson's continued employment by Defendant Riptide Worldwide, the stock warrants received by Watson, and the yearly performance payments to be made to Watson by Riptide Worldwide). Accordingly, the Plaintiffs have adequately pled the existence of a special relationship between themselves and the defendants, including Defendant Connelly.

### B. Specific Allegations of Misrepresentations Attributable to Defendant Connelly.[3]

Defendant Connelly was the Chief Financial Officer of Riptide Worldwide. Complaint, at ¶ 7. As CFO of a publically traded company, Defendant Connelly undoubtedly had an active role in the company and in the creation of the merger and financial documents at issue in this case. As a result, the "group pleading doctrine" applies to Defendant Connelly in this case.

The group pleading doctrine allows plaintiffs to "rely on a presumption that statements in prospectuses, registration statements, annual reports, press releases, or other group published information, are the collective work of those individuals with direct involvement in the everyday business of the company." Polar Int'l Brokerage Corp. v. Reeve, 108 F.Supp.2d 225, 237 (S.D.N.Y. 2000). The doctrine is limited in scope, as the "Courts in the Second Circuit and

---

[2] Importantly, the "lengthy negotiations" referenced by the Court in rendering its decision spanned a total of 6 months. The negotiations in this case spanned approximately 5 months.

[3] The Second Circuit has expressly declined to adopt the view that a claim for negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b). Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co., 375 F.3d 168, 188 (2nd Cir. 2004).

The Honorable Paul A. Crotty
April 14, 2011
Page 3 of 3

elsewhere have construed the doctrine as applying only to clearly cognizable corporate insiders with active daily roles in the relevant companies or transactions." Id. (internal quotation marks and citations omitted). Importantly, the group pleading doctrine has been held applicable to statements made in contracts or security purchase agreements, such as those at issue in this case. See e.g., 380544 Canada, Inc. v. Aspen Technology, Inc., 544 F. Supp. 2d 199 (S.D.N.Y. 2008); Dresner v. Utility .com, Inc., 371 F.Supp.2d 476 (S.D.N.Y. 2005); BHC Interim Funding, L.P. v. Finantra Capital, Inc., 283 F.Supp.2d 968 (S.D.N.Y. 2003). Indeed, in a related case involving most of the same defendants, Judge McMahon of this Court held that statements made in a securities purchase agreement prepared by Riptide Worldwide were attributable to individual defendants Joseph Vitetta and Tommy Wheeler through the "group pleading doctrine" because those individuals "held high-level positions within Riptide Worldwide and were therefore 'corporate insiders with active daily roles in the relevant companies or transactions.'" Camofi Master, supra, at 15, citing Polar Int'l Brokerage Corp., 108 F.Supp.2d at 237-38.

In the Complaint, the Plaintiffs set forth, in painstaking detail, the various misrepresentations made to them, as incorporated in the relevant merger and financial documents. The Plaintiffs have further clearly alleged when and where the misrepresentations were made and how those statements were erroneous and misleading. As CFO, Defendant Connelly "was a corporate insider with [an] active daily role" in Riptide Worldwide and can be presumed to have participated in the preparation of the merger documents and other financial documents relied on by Plaintiffs that are at issue in this case. Accordingly, pursuant to the group pleading doctrine, the misrepresentations made to Plaintiffs in the merger and financial documents are attributable to Defendant Connelly.

C.  **Conclusion**

As shown above, Defendant Connelly has failed to set out a meritorious basis for a dismissal in this case. Accordingly, the Plaintiffs respectfully request that the Court deny Defendant Connelly leave to file his proposed Motion to Dismiss.

Sincerely,

Nicholas Fortuna

cc:  Raymond R. Castello, Esq. (via e-mail)