**EXHIBIT E**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
SHEA DEVELOPMENT CORP., BRAVERA, INC.,
and IP HOLDING OF NEVADA CORP.,
                  Plaintiffs,

               -v-

CHRISTOPHER WATSON and ELIZABETH ANNE
CONLEY,
                  Defendants.
-------------------------------------X

07 Civ. 11201 (DLC)

SETTLEMENT JUDGMENT

DENISE COTE, District Judge:

    The parties reached a settlement during a conference held on the record in the above-captioned matter on July 10, 2008. Omitted from this settlement judgment are items that the parties have already effectuated, such as transfer of property. In accordance with the July 10 conference, it is hereby

    ORDERED that:

1. The tender of stocks and warrants that was made by defendant Christopher Watson ("Watson") in a letter dated December 18, 2007 is deemed accepted by plaintiffs.

2. Within 30 days of the entry of this judgment, Watson will tender to plaintiffs all stock certificates and warrants that were not previously tendered. He will provide a written representation that these are all the stocks and warrants in his possession.

3. Within 30 days of the entry of this judgment, all pending litigation shall be dismissed with prejudice and each party shall provide a general release in favor of any adverse parties.

4. Watson shall be personally responsible for any tax liability that is determined to exist by the Internal Revenue Service and the Virginia taxing authorities with respect to the dispute regarding past due employment taxes.

5. As part of the process of determining that tax liability, Watson will be responsible for hiring any accountants that he needs. Watson also has final authority with respect to any settlement of that tax liability with either the Internal Revenue Service or the Virginia authorities.

6. The sum of $275,000 (plus interest calculated as of July 24, 2008 at the rate earned by the plaintiffs' attorneys trust account) shall be put into the plaintiffs' attorneys' trust account within fourteen days of the entry of this judgment. Such monies shall be the property of Watson. This money will be held by these attorneys in escrow specifically for the purpose of paying the tax liability described above. The money shall be released to Watson or his holding company for the purpose of the payment of any such tax liability. Any remaining money will be given to him personally or to his designee promptly thereafter.

7. In addition, within thirty days of the date of this judgment, plaintiffs shall pay to Watson or pursuant to wiring instructions the sum of $175,000 plus interest calculated at the rate earned by the plaintiffs' attorneys' trust account.

8. The non-compete clauses that are in the contracts of any Bravera, Inc. employee and of Watson are released and are deemed null and void as of July 10, 2008.

9. No party shall discuss the terms of this agreement, except that the parties may reveal them to accountants, attorneys, immediate family members or any person to whom it must be revealed to comply with any subpoena or applicable law. The parties acknowledge that this Judgment will be filed in the public record.

SO ORDERED:

Dated:   New York, New York
         February 3, 2009

_____
DENISE COTE
United States District Judge