**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHEA DEVELOPMENT CORP., BRAVERA, INC.,
and IP HOLDING OF NEVADA CORP.,

        Plaintiffs,

v.

CHRISTOPHER WATSON and ELIZABETH
ANNE CONLEY,

        Defendants.

------------------------------------------------------------X

Civil Action No. 07-CV-11201 (DLC)

## DECLARATION OF DEFENDANT CHRISTOPHER WATSON

CHRISTOPHER WATSON, the undersigned, hereby declares and says:

1. I am Christopher Watson and have been named as a Defendant in this action. I respectfully submit this declaration in support of the motion to enforce the terms of the July 10, 2008 settlement and to award me the costs and attorneys fees incurred since July 11, 2008 as a result of plaintiff's unconscionable efforts to thwart the settlement.

2. I am the owner of two business with relevance to this case SD2R Partners LLC, and Intellectus LLC. SD2R Partners LLC is a Virginia limited liability company, with offices in South Carolina and Reston, Virginia, that holds my real estate investments in Virginia, including office space which is leased by Plaintiff Bravera, Inc. ("Bravera") in Reston, Virginia. Intellectus, LLC, ("Intellectus") a Florida limited liability company operating in the Information Technology sector, has an office in South Carolina. Intellectus licensed certain intellectual property to Plaintiffs and commenced an action in the Supreme Court of the County of New York alleging, among other things, that Plaintiffs had violated the terms of the intellectual

466828

property licensing agreement.

3. On July 10, 2000, I personally appeared before the Hon. Gabriel W. Gorenstein at a settlement conference. The terms of the settlement were memorialized on the transcript that day and are more fully explained in the accompanying memorandum of law. The Settlement Agreement was a compromise of my claims against Plaintiffs which I valued in excess of $ 5 million. In part to avoid further legal expense and because the office space and business equipment identified in the settlement agreement had some use to me in a new business venture, I agreed to settle the case on that day. However, I made the Court and Plaintiffs aware of my present need to have access to and possession of the business equipment and the office space.

4. After the settlement, I directed my attorneys to work expeditiously to finalize the settlement. Upon information and belief, my attorneys immediately forwarded Powers of Attorney forms authorizing accountants retained by me to represent Bravera Inc. before the United States Internal Revenue Service ("IRS") and the Virginia taxing authorities as contemplated by the settlement agreement. To date, Plaintiffs have not given my attorneys such authorizations.

5. I have also asked my attorneys to work to finalize other terms of the settlement. For example, pursuant to the agreement, Plaintiffs were required to place $275,000.00 in escrow by July 24, 2008, from which proceeds I would resolve the IRS and Virginia tax issues. However, I have been advised by my attorneys that as August 6, 2008, the money had not been placed in escrow and that, since that time, they have no reason to believe that the money has been placed in escrow.

6. In addition, I have asked my attorneys to get me access to the business equipment and Reston space as soon as possible. The business equipment to be transferred was identified

as equipment on an inventory submitted to plaintiffs' counsel before July 10, 2008. Specifically, the inventory, a copy of which is annexed hereto as Exhibit A, indicates not only the machines but the data and use of the machines. That data, as well as the software, which is discernable by the description of the machines, is precisely the intellectual property belonging to Intellectus that plaintiffs were obligated to protect under the Licensing Agreement entered into on July 16, 2007 and the precise intellectual property which was the subject of the New York State court lawsuit. During the settlement negotiations it was expressly stated that Plaintiffs would return all of Intellectus' intellectual property, including the source codes and its derivatives.

7.  On July 29, 2008, I telephonically attended a conference with my attorneys, counsel for Plaintiffs' and Frank Wilde, Plaintiff Shea Development Corp's chief executive officer. At that time, we discussed my immediate need for certain equipment. Plaintiffs claimed that the equipment located in Florida was not then being used for commercial purposes and agreed to provide that equipment prior to the delivery of equipment presently being used for Plaintiffs' business purposes. I agreed to take delivery of the unused equipment in Florida immediately while the attorneys continued to discuss finalizing the settlement.

8.  During the conversations on July 29, 2008, I reminded those present that the property in Florida contained Intellectus' intellectual property and that the intellectual property, including Intellectus' source code and its derivatives must be delivered to Intellectus. Frank Wilde responded that Plaintiffs were not using Intellectus' software and would deliver the property equipment with the Intellectus intellectual property intact.

9.  On August 13, 2008, while vacationing with my family in Florida, I went to the Plaintiffs' office in Orlando to pick up certain equipment, as previously arranged by my

3

attorneys. After taking delivery of the equipment, I noticed that certain key servers were not present and that hard drives had been removed from some of the servers that were delivered.

10. Plaintiffs' delay tactics have caused me substantial prejudice. For example, if Plaintiffs had placed the $275,000 in escrow and had given my accountants authority to act on Plaintiffs' behalf before the relevant taxing authorities, I have reason to believe that the taxing issues would be resolved and that the escrowed funds would be released to me. Similarly, the settlement agreement provided for a payment of $175,000 to me within fifteen days of a final settlement agreement. It has now been 35 days since the settlement was agreed to and Plaintiffs still have not, to the best of my knowledge, placed any money in escrow as they were required to do, paid the $175,000 settlement amount, provided adequate cooperation with my accountants to resolve the tax liability issue, performed any work to assign the GSA MOBUS contract, nor have they provided the majority of the business equipment, or made the office space available to me.

11. Based upon the foregoing and the facts set forth by my attorney, I respectfully request that the Court issue an Order directing Plaintiffs to comply with July 10, 2008 settlement agreement by dates certain and awarding me my attorneys fees incurred since July 11, 2008.

I declare that the foregoing is correct under the penalties of perjury. Executed this _14th_____ day of August 2008.

_____
Christopher Watson

4