# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHEA DEVELOPMENT CORP et al.,                :

                Plaintiffs,               : <u>REPORT AND RECOMMENDATION</u>

   -v.-                                                         :
                                                   07 Civ. 11201 (DLC) (GWG)
WATSON et al.,                                            :

                Defendants.          :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I.    BACKGROUND

       On July 10, 2008, the parties to this case reached an agreement in open court settling this matter. The agreement was placed on the record. See Transcript, dated July 10, 2008 ("Tr.") (annexed as Ex. D to Declaration of James Davies, filed Aug. 25, 2008 (Docket # 61) ("Davies Decl.")).[1] When the parties were unable to agree upon a written version of the agreement, each filed a motion to enforce it. Neither party disputes that the agreement is enforceable. Nor could they inasmuch as all parties specifically assented to this arrangement during the conference.[2]

       Rather, each side seeks to have this Court enter a judgment in accordance with the terms of the agreement. In addition, the parties seek to have the Court interpret or clarify certain terms of the agreement and to issue orders that will implement the agreement.

---

      [1] This declaration, along with its exhibits, appears as Docket # 61 on the Court's ECF system. There is a later docket entry stating that these materials – along with others filed at the same time – were rejected for filing because the attorney used the wrong title from the ECF "event menu." There is no record of these materials having been refiled, however. Nonetheless, because the materials were presented to the Court, served on opposing counsel, and have repeatedly been referred to by the parties, the Court will consider them to be part of the record. Despite having been rejected for filing, they are still available for viewing on the ECF system.

      [2] The following statement was agreed to as part of the settlement:

> The parties expect to do some paperwork on this deal. However, they have reached an agreement as is going to be reflected during this conference. <u>So even in the absence of the paperwork, this is an enforceable settlement.</u>

(Tr. 4).

II.     RELEVANT LEGAL PRINCIPLES

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974); accord Garibaldi v. Anixter, Inc., 533 F. Supp. 2d 308, 310 (W.D.N.Y. 2008) (citations omitted). In Janus Films, Inc. v. Miller, 801 F.2d 578 (2d Cir. 1986), the Second Circuit held that where an agreement to settle is made in open court, a judge may enter a "settlement judgment." Id. at 582. In entering such a judgment, "the judge is obliged to determine the detailed terms of the relief and the wording of the judgment." Id.; accord Consolidated Edison Co. of N.Y. v. Fyn Paint & Lacquer Co., 2008 WL 852067 (E.D.N.Y. Mar. 28, 2008) ("Where parties agree to a settlement on the record, but are unable to agree upon the final terms to implement their agreement, a district court has the authority to issue a 'settlement judgment' to effectuate the settlement agreement.") (citations omitted); see also Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443, 448 (2d Cir. 2005) (affirming decision of district court to "enter[] judgment in accordance with the terms of [a] Settlement Agreement"). In appropriate circumstances, a court "retain[s] authority to clarify subsequently the settlement and to impose clarifying terms." Manning v. N.Y.U., 299 F.3d 156, 163 (2d Cir. 2002). If necessary to enforce the terms of a settlement, a court also has authority to require a party to undertake acts not specifically contemplated as part of the settlement itself. See generally Huertas v. East River Housing Corp., 992 F.2d 1263 (2d Cir. 1993); Meetings & Expositions, 490 F.2d at 717 (2d Cir. 1974).

"Settlement agreements are contracts and must therefore be construed according to general principles of contract law." Red Ball Interior Demolition Corp., v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999).

III.    DISCUSSION

The motion papers raise a number of disputes. Since the filing of the papers, however, the Court has held two conferences with the parties and has received various pieces of correspondence. The parties have also undertaken to effectuate many of the terms of the settlement. It is now clear that, with respect the disputes as to the execution of a power of attorney, the transfer of the "MOBUS contract," and the transfer of an automobile, office equipment, and intellectual property, the parties are either withdrawing their requests regarding these matters or are satisfied with their resolution.

Accordingly, we discuss only the remaining disputes below. As an initial matter, because all parties concur that the settlement agreement is enforceable, the Court should issue a settlement judgment containing the terms of the settlement agreement as stated in the transcript. (See Tr. 4-6). In addition, the Court should add some clarifying language as described in the next sections. Annexed hereto as Exhibit A is a recommended Settlement Judgment that effectuates the settlement in accordance with the rulings below.

2

      A.      <u>Validity of Indemnity Provisions</u>

The central dispute is whether the settlement agreement means that the parties are bound by certain indemnification clauses contained in the Merger Agreement. <u>See</u> Memorandum of Law in Support of Defendant's Motion to Enforce Settlement and for Sanctions, filed Aug. 25, 2008 (Docket # 63) ("Def. Mem.") at 14; Memorandum of Law in Support of Plaintiffs' Cross-Motion to Enforce Settlement Agreement and for Sanctions and in Opposition to Defendants' Motion to Enforce Settlement Agreement and for Sanctions, filed Sept. 2, 2008 (Docket # 68) ("Pl. Mem.") at 6-12, 21-23; Reply Memorandum of Law in Support of Defendant's Motion and in Opposition to Plaintiffs' Cross Motion, filed Sept. 9, 2008 (Docket # 71) ("Def. Reply") at 6-8. The settlement placed on the record makes no mention of the Merger Agreement, let alone any clauses it contains. Nor has either party asserted that any claim for indemnity has been made or is about to be made under these clauses (other than claims made as part of this litigation). Essentially, the parties are seeking a declaratory judgment on this question but have presented no facts or other authority to show they are entitled to such a judgment at this time. Because the parties have not shown that this dispute is ripe for adjudication, no terms should be added to the settlement judgment with respect to this question. <u>See</u>, e.g., <u>Solow Bldg. Co., LLC v. ATC Assocs.</u>, 388 F. Supp. 2d 136, 139 (E.D.N.Y. 2005) ("Federal courts generally decline to award declaratory relief in indemnification actions, especially before any underlying suit has been filed." Liability must be "sufficiently probable and immediate so as to warrant declaratory relief."). Obviously, the parties are free to seek relief in an appropriate forum (which may not necessarily be this court) should such a dispute become ripe.

      B.      <u>Requirement that Plaintiffs "Accept" the Previous Tender of Stock and Warrants</u>

As part of the settlement, the plaintiffs agreed that "[t]he tender of stocks and warrants that has been made by Mr. Watson will be accepted." (Tr. 4). Watson now seeks to have plaintiffs accept the tender in accordance with this term of the settlement. Def. Mem. at 13.

As an initial matter, we must determine what the parties were referring to when they adverted to "the tender of stocks and warrants that has been made by Mr. Watson." Tr. 4. There is nothing in the language of the agreement that identifies this "tender." While plaintiffs argue that the Court should not look outside the agreement to interpret this provision, Reply Memorandum of Law in Support of Plaintiffs' Cross-Motion to Enforce Settlement Agreement and for Sanctions, filed Sept. 12, 2008 (Docket # 72) ("Pl. Reply") at 3-4, they are unable to explain how this Court could interpret this phrase without resort to such evidence. It is well-settled that where the terms of an agreement are ambiguous, extrinsic evidence (commonly known as "parol evidence") may be admitted to discern the meaning of the terms of the contract. <u>See</u>, e.g., <u>Olin Corp. v. Ins. Co. of N. Am.</u>, 221 F.3d 307, 318 (2d Cir. 2000) (construing New York law).

To identify the "tender" at issue, Watson has pointed to a letter dated December 18, 2007 that states it constitutes a "tender" of shares. <u>See</u> Letter from James West, West & Costello

3

LLC, to Mr. Francis E. Wilde, Shea Development Corp. (Dec. 18, 2007) ("December 18 letter") (annexed as Ex. D to Letter from James Davies, Landman Corsi Ballaine & Ford P.C. to Judge Gabriel W. Gorenstein (July 7, 2008) ("July 7 letter") (annexed to Reply Declaration of James Davies, filed Sept. 8, 2008 (Docket # 70))). The December 18 letter was an attachment to the defendant's settlement letter, see id., which was served on the plaintiffs prior to the settlement conference. The settlement letter was discussed by the parties during the settlement conference and it specifically refers to the December 18 letter as a "tender." See July 7 letter at 4. Indeed, the only document referred to as a "tender" in the settlement letter was the December 18 letter.

In an Order dated September 29, 2008 (Docket # 74), the Court directed the plaintiffs to explain "whether there is any document reflecting the purported 'tender' referred to in the settlement agreement other than the December 18, 2007 letter." In response, plaintiffs did not identify any other document. Thus, it is obvious that the December 18, 2007 letter is the "tender" referred to in the settlement agreement. Under the unambiguous terms of the agreement, plaintiffs must be deemed to have "accepted" this tender. (Tr. 4).

Plaintiffs argue that it was impossible for Watson to have made a proper tender in the December 18 letter because no actual stock certificates accompanied the letter and Watson only has a stock certificate for a number of shares greater than the 400,000 shares that were tendered in the December 18 letter. Pl. Mem. at 21 n.7; Pl. Reply at 3. They argue that, as a result, Watson should be required to now tender all his shares, Pl. Mem. at 23, and that plaintiffs should not be required to accept the previous tender, Pl. Reply at 4.

Watson does not dispute that his December 18, 2007 tender referenced the tender of only 400,000 shares, and that he has a total of 3.3 million shares of stock and four warrants to purchase 8.375 million shares. He states his willingness to tender all the remaining shares (and, presumably, the warrants). Def. Reply at 4.

It appears that the only real dispute between the parties is whether the term both parties agreed to – that "[t]he tender of stocks and warrants that has been made by Mr. Watson will be accepted," (Tr. 4) – is to be enforced. This Court sees no basis on which to deny enforcement of this provision. Both parties explicitly recognized that there had been a prior "tender of stocks and warrants." The December 18 letter is the only document that qualifies as such a tender. Plaintiffs unequivocally agreed to "accept[]" this tender. Thus, this portion of the agreement should be enforced as written and a term should be included in the settlement judgment that the tender reflected in the December 18 letter is deemed "accepted" by plaintiffs.[3]

---

[3] The Court recognizes that the parties believe that the plaintiffs' acceptance of the tender will have an effect on the parties' future duties as they relate to indemnification should a need for indemnification arise, see Pl. Mem. at 7-11, 22-23; Def. Reply at 5, and that the Court, in the previous section, expressed its view that neither side is entitled to a declaratory judgment on the issue of indemnification. There is no inconsistency, however, inasmuch as the acceptance of the tender is explicitly required by the settlement agreement and thus must be enforced as

4

As plaintiffs point out, Watson represented as part of the settlement agreement that the December 18 tender consisted of "all" the shares of stock and warrants (Tr. 4) and this representation has proven to be untrue. While plaintiffs seem to argue that this means that the settlement agreement should not be enforced on this point, they do not explain why. The issue ultimately boils down to the question of what the parties intended to occur if it turned out that not "all" the shares of stock and warrants had been previously tendered. The language of the settlement agreement is silent on this question. But the next sentence of the agreement provides some guidance. In that sentence, the parties agreed as follows: "[Watson] represents that these are all the stocks and warrants and <u>that's going to be verified by the plaintiff</u>." (Tr. 4) (emphasis added). Thus, this next sentence specifically contemplates that the parties were unsure as to whether the tender represented all the stock and warrants.

In other words, by providing that Watson's representation as to the number of shares was to be "verified by the plaintiff," the parties evidenced their contemplation of the possibility that Watson's representation that "all" shares had been tendered was untrue. The unequivocal requirement that the prior tender must be "accepted" thus should not be affected by the fact the verification revealed additional shares in Watson's possession. The best way to enforce the parties' intention as expressed in the words of the settlement agreement is to have Watson tender all the remaining shares and warrants. This way, a tender of "all" the stocks and warrants will have taken place, as contemplated by the settlement agreement, and this element of the agreement will not remain unenforced.

### C.   Execution of General Releases

Plaintiffs seek to have the parties execute general releases. Pl. Mem. at 23-24. This is already a specific term of the agreement, <u>see</u> Tr. 6, and thus it is not necessary to have an additional term in the settlement judgment requiring such execution. The wording of a "general release" is well known and not disputed by the parties. While the parties dispute what the effect of the execution of such releases shall be on any obligations that may arise in the future relating to indemnification, that issue is not ripe for adjudication at this time.

### D.   Interest

The parties did not contemplate the payment of interest when they executed the agreement because it was assumed that the settlement would be effectuated promptly. Yet none of the money has been paid to Watson. The Court understands that parties have agreed that plaintiffs will pay interest on any money owing to Watson at the rate in effect for the attorney trust account of plaintiff's counsel. Accordingly, a provision providing for the payment of interest at this rate should be included as part of the settlement judgment. In the annexed proposed settlement judgment, the Court has calculated interest to run beginning on July 24,

---

written. What effect, if any, the acceptance has on the parties' obligations in the future is a question that should not be decided at this time for the reasons previously stated.

5

2008, because the parties contemplated during the settlement that any payment would not have to be made for at least 14 days. (See Tr. 7).

      E.    Attorneys' Fees and Costs

Each side seeks attorney's fees pursuant to 28 U.S.C. § 1927. Such sanctions should be denied as there is no evidence at all that either party has acted "unreasonably" or "vexatiously" in seeking clarification of the settlement.

      F.    Deadlines

The parties assumed that payments would be made within 14 or 15 days of the date of the agreement. Because these deadlines have long passed, a new deadline should be contained in the settlement judgment that requires delivery of payments and releases within 30 days of the date of the judgment. Presumably the parties can arrange for the exchange of releases and payments for specific dates within that time frame.

Conclusion

The motions to enforce (Docket ## 58 and 64) should be granted in part and denied in part. A settlement judgment should be issued in the form of Exhibit A.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Denise L. Cote, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Cote. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 27, 2008
       New York, New York

                              GABRIEL W. GORENSTEIN
                              United States Magistrate Judge

<u>EXHIBIT A</u>[1]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHEA DEVELOPMENT CORP et al.,              :

              Plaintiffs,               : <u>SETTLEMENT JUDGMENT</u>

  -v.-                                                                :
                        07 Civ. 11201 (DLC) (GWG)
WATSON et al.,                                           :

              Defendants.              :
------------------------------------------------------------X

In accordance with a settlement reached by the parties in court on July 10, 2008, it is hereby ORDERED as follows:

1. The tender of stocks and warrants that was made by defendant Christopher Watson ("Watson") in a letter dated December 18, 2007, is deemed accepted by plaintiffs.

2. Within 30 days of the entry of this judgment, Watson will tender to plaintiffs all stock certificates and warrants that were not previously tendered. He will provide a written representation that these are all the stocks and warrants in his possession.

3. Within 30 days of the entry of this judgment, all pending litigation shall be dismissed with prejudice and each party shall provide a general release in favor of any adverse parties.

4. Watson shall be personally responsible for any tax liability that is determined to exist by the Internal Revenue Service and the Virginia taxing authorities with respect to the dispute regarding past due employment taxes.

---

[1] The Court has omitted from the settlement judgment items that the parties appear to have already effectuated – for example, the transfer of property.

While the Court recognizes that the terms of the settlement have already been made part of the public record by virtue of the filing of the motions to enforce, <u>see</u>, <u>e.g.</u>, Tr.; Pl. Mem. at 3-5, it has retained the confidentiality provision inasmuch as it formed part of the settlement agreement (Tr. 8).

1

5. As part of the process of determining that tax liability, Watson will be responsible for hiring any accountants that he needs. Watson also have final authority with respect to any settlement of that tax liability with either the Internal Revenue Service or the Virginia authorities.

6. The sum of $275,000 (plus interest calculated as of July 24, 2008 at the rate earned by the plaintiffs' attorneys' trust account) shall be put into the plaintiffs' attorneys' trust account within 30 days of the entry of this judgment. Such monies shall be the property of Watson. This money will be held by these attorneys in escrow specifically for the purpose of paying the tax liability described above. The money shall be released to Watson for the purpose of the payment of any such tax liability. Any remaining money will be given to him personally or to his designee promptly thereafter.

7. In addition, within 30 days of the date of this judgment, plaintiffs shall pay to Mr. Watson the sum of $175,000 plus interest calculated as of July 24, 2008 at the rate earned by the plaintiffs' attorneys' trust account.

8. The non-compete clauses that are in the contracts of any Bravera, Inc. employees and of Watson are released and are deemed null and void as of July 10, 2008.

9. Each party shall keep the terms of this agreement confidential, except that the parties may reveal it to accountants, attorneys, immediate family members or any person to whom it must be revealed to comply with any subpoena or applicable law.

SO ORDERED.

Dated: November __, 2008
New York, New York

_____
DENISE L. COTE
United States District Judge

2

2008, because the parties contemplated during the settlement that any payment would not have to be made for at least 14 days. (See Tr. 7).

  E. Attorneys' Fees and Costs

Each side seeks attorney's fees pursuant to 28 U.S.C. § 1927. Such sanctions should be denied as there is no evidence at all that either party has acted "unreasonably" or "vexatiously" in seeking clarification of the settlement.

  F. Deadlines

The parties assumed that payments would be made within 14 or 15 days of the date of the agreement. Because these deadlines have long passed, a new deadline should be contained in the settlement judgment that requires delivery of payments and releases within 30 days of the date of the judgment. Presumably the parties can arrange for the exchange of releases and payments for specific dates within that time frame.

Conclusion

The motions to enforce (Docket ## 58 and 64) should be granted in part and denied in part. A settlement judgment should be issued in the form of Exhibit A.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Denise L. Cote, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Cote. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 27, 2008
   New York, New York

                _____
                GABRIEL W. GORENSTEIN
                United States Magistrate Judge