**EXHIBIT J**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHEA DEVELOPMENT CORP., BRAVERA INC., and
IP HOLDING OF NEVADA CORP.,                     NOTICE OF OBJECTIONS
                                                TO REPORT AND
          Plaintiffs,                           RECOMMENDATIONS OF
                                                GABRIEL W.
     - against -                                GORENSTEIN, U.S.
                                                MAGISTRATE JUDGE
CHRISTOPHER WATSON and ELIZABETH ANNE
CONLEY,
                                                07 Civ. 11201 (DLC) (GWG)
          Defendants.
------------------------------------------------------------------X

Please take notice that pursuant to 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b), defendant Christopher Watson ("Watson" or "defendant") hereby respectfully objects as set forth below to the Report and Recommendations of the Honorable Gabriel W. Gorenstein, U.S.M.J., entered October 27, 2008 with respect to the above action.

Defendant's objections relate to the Magistrate Judge's proposed Settlement Judgment, attached to the Report and Recommendation as Exhibit A. (A copy of the Report and Recommendation is annexed hereto as Exhibit A). The proposed Settlement Judgment directs payments be made directly to Watson, whereas the stipulation placed on the record, stated that $275,000 to be placed in escrow would be "released to Mr. Watson or his holding company" when due and that the additional $175,000 in consideration would be delivered to this office as Watson's attorneys "or pursuant to wiring instructions" when due.

In addition, defendant objects to the proposed Settlement Judgment to the extent that it extended plaintiff's time to fund the $275,000 to be placed in escrow from July 24, 2008 to within 30 days of the date of the judgment.

447560.1 DocsNJ

## DEFENDANT'S OBJECTIONS

The Honorable Gabriel W. Gorenstein's Report and Recommendations errs in that it fails to consider the clear and unambiguous language of the settlement agreement reached in Court on July 10, 2008 on two points: (1) the $275,000 payment was to be placed in escrow 14 days after the settlement, or by July 24, 2008; and (2) the $175,000 cash and $275,000 payments were to be made pursuant to future instructions.

A settlement placed on the record in open court is "one of the strongest and most binding agreements in the field of law." In re Marketxt Holding Corp., 336 B.R. 39, 58 (S.D.N.Y. 2006); In re Cuffee, 232 B.R. 53, 56 (E.D.N.Y. 1999); see also Melwani v. Jain, 2004 U.S. Dist. LEXIS 7590, at *6 (S.D.N.Y. Apr. 26, 2004). Where a clear and unambiguous settlement is reached on the record, a court may not add terms that materially alter the contract. Medinol Ltd. v. Guidant Corp., 500 F. Supp. 2d 345 (S.D.N.Y. 2007). Judge Gorenstein's Report and Recommendations materially alters the terms of the agreement reached in court and these portions of the report should therefore be rejected and the judgment amended to reflect the terms of the settlement reached in court on July 10, 2008.

The July 10, 2008 settlement clearly states that plaintiffs were to put $275,000 into an escrow within 14 days of the settlement conference, or by July 24, 2008. (See Decl. of James Davies dated Aug. 15, 2008, Exh. D at 6-7). Judge Gorenstein's Report and Recommendations, however, extends plaintiff's time to place the sum of $275,000 into plaintiff's attorney's trust account to within 30 days of the date of the judgment. This recommendation is contrary to the agreement reached on July 10, 2008 and should be rejected based on the clear and unambiguous terms of the agreement reached in open court. Plaintiff has breached the agreement and the money must be placed escrow now to

ensure that the funds will be available to Watson and his entities when due. Given the financial condition of plaintiffs, Watson is concerned that the funds may not be available thirty days after the date of the Settlement Judgment.

Additionally, the July 10, 2008 settlement agreement required that the $275,000 that was to be placed in escrow and the $175,000 cash be forwarded to as to be directed in the future and specifically contemplated that funds would be "released to Mr. Watson or his holding company" or "pursuant to wiring instructions". (See Decl. of James Davies dated Aug. 15, 2008, Exh. D at 6-7). The agreement reached in open court did not require these payments to be made directly to Mr. Watson as set forth in the proposed Settlement Judgment. Instead, the monies were to be delivered pursuant to future instructions. Judge Gorenstein's report and recommendations limits the agreement reached in court in that it requires payment to be made to Mr. Watson. The clear and unambiguous terms of the settlement agreement made no such limitation.

Based on the foregoing, the Honorable Gabriel W. Gorenstein's Report and Recommendations regarding the timing of payment and the party to whom payment should be made should be rejected.

          Respectfully submitted,

          James E. Davies (JED0599)
          Landman Corsi Ballaine & Ford P.C.
          Attorneys for Defendant
          Christopher Watson
          120 Broadway - 27th Floor
          New York, NY 10271
          (212) 238-4800

Dated: November 6, 2008