**EXHIBIT K**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHEA DEVELOPMENT CORP., BRAVERA, INC.,
and IP HOLDING OF NEVADA CORP.,

        Plaintiffs,

v.

CHRISTOPHER WATSON and ELIZABETH
ANNE CONLEY,

        Defendants.

------------------------------------------------------------X

Civil Action No. 07-CV-11201 (DLC)

## DECLARATION OF DEFENDANT CHRISTOPHER WATSON

CHRISTOPHER WATSON, the undersigned, hereby declares and says:

1. I am Christopher Watson and have been named as a Defendant in this action. I I respectfully submit this declaration in support of defendant's motion for an Order finding Plaintiffs in contempt of court, for a Temporary Restraining Order ("TRO") and preliminary and permanent injunction and awarding attorney's fees, costs, and interest since February 4, 2009.

2. On July 10, 2008, this matter and other all related actions were resolved at a settlement conference before the Hon. Gabriel W. Gorenstein. Pursuant to the terms of the settlement, $275,000 was to be placed in escrow within fourteen days of the settlement-- by July 24, 2008. Riptide failed to escrow these funds as required by the settlement on the record. Following significant motion practice to enforce the settlement that was placed on the record, on February 4, 2009, the Court entered a Settlement Judgment and order that stated:

467791

> "the sum of $275,000 (plus interest calculated as of July 24, 2008 at the rate earned by the plaintiffs' attorneys' trust account) <u>shall</u> be put into the plaintiffs' attorneys' trust account within fourteen days of the entry of this judgment. Such monies will be the property of Watson. . . . In addition, within thirty days of the date of this judgment, plaintiffs <u>shall</u> pay to Watson or pursuant to wiring instruction the sum of $175,000 plus interest calculated at the rate earned by the plaintiffs' attorneys' trust account." <u>See</u> Exhibit A.

According to the Settlement Judgment, the payment of $275,000 plus interest was due by February 18, 2009 and the payment of $175,000 plus interest was due by March 6, 2009. Plaintiffs have thus far refused to comply with this Court's Order and provide any of the funds owed to me and have offered no timeline upon which I can expect payment.

3. The instant motion is necessary based upon the increasingly tenuous financial position of the Plaintiffs. Significantly, on February 23, 2009, Plaintiff Riptide Worldwide was de-listed from trading over-the-counter and appears to be positioned to fail. <u>See</u> Exhibit K annexed to Davies Decl.. Moreover, Plaintiffs have failed to provide any response to the Interrogatories that were served on April 3, 2009. Indeed, Plaintiffs' attorney advised that he had forwarded the Interrogatories to the client, but the client did not ask Plaintiff's counsel to respond. <u>See</u> Exhibit H. These Interrogatories were served in order to obtain additional information to allow me to effectuate the judgment against Plaintiffs. Given this tenuous financial position and the Plaintiffs clear unwillingness to comply with this Court's directives, the instant motion is necessary to prevent the transfer of any of Riptide's assets and to order Plaintiffs to provide full and complete responses to the Interrogatories served on April 3, 2009.

Based upon the foregoing, as well as all other papers submitted in support of this motion, I respectfully request that the Court issue an Order finding Plaintiffs in contempt of court; for a Temporary Restraining Order and preliminary and permanent injunction prohibiting the transfer

of any of Riptide's assets; and awarding Defendant all attorney's fees, costs, and interest since February 4, 2009.

I declare that the foregoing is correct under the penalties of perjury. Executed this 10 day of June 2009.

_____
Christopher Watson