UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Christopher Watson and Intellectus, LLC,        11-CV-0874 (PAC)

                       Plaintiffs,        **MOTION TO DISMISS**
                                                        **COMPLAINT PURSUANT TO**
            - against -        **FEDERAL RULES OF CIVIL**
                                                           **PROCEDURE 12(b)(6)**

RIPTIDE WORLDWIDE, INC. (f/k/a Shea
Development Corp.), FRANCIS E. WILDE, TOMMY
E. WHEELER, E. JOSEPH VITETTA, JR., RICHARD
CONNELLY, and PHILIP E. LOEFFEL,

                       Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY TO THE MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6) FOR FAILING TO STATE A CLAIM AS TO
DEFENDANT RICHARD CONNELLY**

                                               SHAUB AHMUTY CITRIN & SPRATT LLP
                                               Raymond R. Castello, Esq. (RC 2106)
                                               655 Third Avenue, 28th Floor
                                               New York, New York 10017
                                               Telephone: (212) 599-8200
                                               Facsimile: (212) 599-7765

                                               *Attorneys for Defendant Richard Connelly*

May 16, 2011

# TABLE OF CONTENTS

**INTRODUCTION**..................................................................................1

A. Rule 9(b) requiring particularity of allegations applies to negligent misrepresentation claims in the Southern District.
.................................................................1

B. Even if the group pleading doctrine is found to be applicable, Plaintiffs fail to meet the particularity requirements of Rule 9(b).
.................................................................2

C. Plaintiffs' claims against Defendant Connelly are based upon the same facts as the breach of contract claims, and so must be dismissed.
.................................................................7

D. Plaintiffs have pleaded no facts to demonstrate a special relationship sufficient to support claims for negligent misrepresentation as to Defendant Connelly.
.................................................................9

**CONCLUSION** .....................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

380544 Canada, Inc. v. Aspen Tech., Inc.,
    544 F.Supp.2d 199 (S.D.N.Y., 2008)..................................................5

Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.,
    404 F.3d 566 (2d Cir., 2005)..........................................................2

Arnold Chevrolet LLC v. Tribune Co.,
    2007 WL 2743490 (E.D.N.Y., 2007)...........................................2 fn1

B&M Linen Corp. v. Kannegiesser, USA, Corp.,
    679 F.Supp.2d 474 (S.D.N.Y., 2010).........................................2, 6, 9

BHC Interim Funding, L.P. v. Finantra Capital, Inc.,
    283 F.Supp.2d 968 (S.D.N.Y., 2003)................................................3

Camofi Master LDC v. Riptide Worldwide, Inc.,
    2011 WL 1197659 (S.D.N.Y., 2011).........................................4, 5, 6

Cohen v. Koenig,
    25 F.3d 1168 (2d Cir., 1994)........................................................8

Dangler v. New York City Off Track Betting Corp.,
    193 F.3d 130 (2d Cir., 1999).....................................................4 fn2

Defer, L.P. v. Raymond James Financial, Inc.,
    654 F.Supp.2d 204 (S.D.N.Y., 2009)..............................................4, 5

Delta Holdings, Inc. v. National Distillers & Chem. Corp.,
    1988 WL 36330 (S.D.N.Y., 2004)..................................................10

Dimon, Inc. v. Folium, Inc.,
    48 F.Supp.2d 359 (S.D.N.Y., 1999).................................................9

DiVittorio v. Equidyne Extractive Industries, Inc.,
    822 F.2d 1242 (2d Cir., 1987)........................................................2

Dresner v. Utility.com, Inc.,
    371 F.Supp.2d 476 (S.D.N.Y., 2005)................................................3

EED Holdings v. Palmer Johnson Acquisition Corp.,
    387 F.Supp.2d 265 (S.D.N.Y., 2004)................................................9

Elliott Associates, L.P., v. Convance, Inc.,
  2000 WL 1752848 (S.D.N.Y., 2000)..................................................................5

Eternity Global Master Fund, Ltd. v. Morgan Guaranty Trust Co.,
  375 F.2d 168 (2d Cir., 2004)..................................................................1, 2, 6

Gruber v. Victor,
  1996 WL 492991 (S.D.N.Y., 1996)..................................................................7, 8

In re AOL Time Warner, Inc. Securities and ERISA Litigation,
  381 F.Supp.2d 192 (S.D.N.Y., 2004)..................................................................5

In re Vivendi Universal, S.A.,
  381 F.Supp.2d 158 (S.D.N.Y., 2003)..................................................................5

International Cabletel Inc., v. Le Groupe Videotron, Ltee.,
  978 F.Supp. 483 (S.D.N.Y., 1997)..................................................................7

Lewis v. Rosenfeld,
  138 F.Supp.2d 466 (S.D.N.Y. 2001)..................................................................4 fn2, 9

Luce v. Edelstein,
  802 F.2d 49 (2d Cir., 1986)..................................................................3

Turnbull v. Kling,
  1999 WL 672561 (S.D.N.Y., 1999)..................................................................2, 7

PI, Inc. v. Quality Products, Inc.,
  907 F.Supp. 752 (S.D.N.Y., 1995)..................................................................8

Polar Int'l Brokerage Corp. v. Reeve,
  108 F.Supp.2d 225 (S.D.N.Y., 2000)..................................................................2, 4

Polycast Tech. Corp. v. Uniroyal, Inc.,
  1988 WL 96586 (S.D.N.Y., 1988)..................................................................4, 10

Sudul v. Computer Outsourcing Services,
  868 F.Supp. 59 (S.D.N.Y., 1992)..................................................................8

## INTRODUCTION

The controlling case law in the Southern District holds that Rule 9(b) is applicable when pleading negligent misrepresentation claims. Even if this Court were to find that the group pleading doctrine applies to these claims, this would not cure the insufficiency. To the extent that Plaintiffs' claims are based upon unidentified oral statements made in discussions prior to the Merger Agreements, group pleading is not applicable. Further, Rule 9(b) requires particularity as to the group published documents and statements supporting the Plaintiffs' claims. As the only group published documents identified with particularity are the Merger Agreements, and all of the claims regarding alleged misrepresentations within the Merger Agreements are restatements of the Plaintiffs' claims for breach of contract, the Plaintiffs' claims against Defendant Connelly must be dismissed. Additionally, the Plaintiffs have failed to allege any facts demonstrating a special relationship with Defendant Connelly that could sustain claims for negligent misrepresentation. Reliance upon the group pleading doctrine undermines Plaintiffs' assertion that Connelly had a special relationship of trust with the Plaintiffs.

### A. Rule 9(b) requiring particularity of allegations applies to negligent misrepresentation claims in the Southern District.

Plaintiff presents the standard for pleadings applicable only with respect to Rule 8, relying on Eternity Global Master Fund, Ltd. v. Morgan Guaranty Trust Co., 375 F.2d 168 (2d Cir., 2004) to question whether Rule 9(b) applies to this matter. In Eternity, the Second Circuit acknowledged that District Courts had made different decisions regarding applicability of Rule 9(b) to negligent misrepresentation claims, and that the Second Circuit had declined to make a determination on this issue.

00876698.1

District court decisions in this Circuit have held that the Rule [9(b)] is applicable to such claims, see id., [referring to Eternity II, 2003 WL 21305355 at 3-4], but this Court has not adopted that view, and *we see no need to do so here because Eternity's claim fails under the liberal pleading standards of Rule 8, and a fortiorti*, the strictures of Rule 9(b). Id., at 188.

A year later in Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 583 (2d Cir., 2005), the Second Circuit stated that claims for negligent misrepresentation "must be pled in accordance with the specificity criteria of Rule 9(b)." (citations omitted). While not every District Court has since interpreted this language to mean that Rule 9(b) applies to all negligent misrepresentation claims,[1] the Southern District has interpreted it in this manner. The controlling case law in the Southern District is that discussed in B&M Linen Corp. v. Kannegiesser, USA, Corp., 679 F.Supp.2d 474 (S.D.N.Y., 2010), in which this Court, citing the Second Circuit in Aetna stated, "Just as with intentional misrepresentation, negligent misrepresentation must be pled with particularity." (citations omitted) See also, Turnbull v. Kling, 1999 WL 672561 (S.D.N.Y., 1999), Polar Int'l Brokerage Corp. v. Reeve, 108 F.Supp.2d 225 (S.D.N.Y., 2000). Thus, Rule 9(b) applies to Plaintiff's pleadings for all claims involving allegations of fraud or misrepresentation, including those for negligent misrepresentation.

> B.   **Even if the group pleading doctrine is found to be applicable, Plaintiffs fail to meet the particularity requirements of Rule 9(b).**

Plaintiffs argue that the group pleading doctrine should allow them to circumvent the particularity requirements of Rule 9(b). The Second Circuit adopted the group pleading theory in DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242 (2d

---

[1] In Arnold Chevrolet LLC v. Tribune Co., 2007 WL 2743490 (E.D.N.Y., 2007), because the Eastern District found that the negligent misrepresentation claims were not part of the Order that was on appeal in Aetna, the Court rejected the assertion that the Second Circuit had ruled definitively on this issue. Negligent misrepresentation claims were ultimately dismissed under Rule 9(b) anyway, because plaintiff had incorporated all prior allegations in the Complaint into the claims, including allegations of intentional misrepresentations, which are subject to Rule 9(b).

Cir., 1987). In that case, the Court specifically stated that the group pleading doctrine "does not stand for the proposition that mere reliance on an offering memorandum or similar document satisfies a pleader's burden under Rule 9(b)," noting that even in Luce v. Edelstein, 802 F.2d 49, 55 (2d Cir., 1986), the Court had found that many *but not all* claims grounded in the offering memorandum were sufficiently pleaded. While the group pleading doctrine is an exception to the part of Rule 9(b) that individual defendants must be specifically linked to particular statements when the plaintiff refers to statements in group published documentation, Rule 9(b) still requires particularity in the pleadings as to the statements or group published documents allegedly relied upon by the plaintiff.

The Second Circuit and Southern District have dismissed cases for insufficient pleadings under Rule 9(b) even where the group pleading doctrine was applied. For example, in DiVittorio, the Second Circuit found that even with the aid of the group pleading doctrine, the complaint was insufficiently pleaded as to certain defendants. In Dresner v. Utility.com, Inc., 371 F.Supp.2d 476, 494-495 (S.D.N.Y., 2005), the Court found that for certain insider defendants, the plaintiffs could rely on the group pleading doctrine, but then held that the pleadings as to these same insider defendants were nevertheless insufficient as to particularity required under Rule 9(b). Similarly, in BHC Interim Funding, L.P. v. Finantra Capital, Inc., 283 F.Supp.2d 968, 980 (S.D.N.Y., 2003), cited by the Plaintiff, the Court found that the group pleading doctrine applied to misstatements made in company documents, but also found that the plaintiffs had failed to particularize statements in company documents or refer specifically to any pre-closing documentation, as required by Rule 9(b), and dismissed the related claims. Id., at 980 – 981, 983.

The group pleading exception is extremely limited in scope. It is "only applicable to clearly cognizable corporate insiders with active daily roles in the relevant companies or transactions." Polar, at 237. Group pleading has been found inapplicable where "allegations do not sufficiently describe the outside directors' day to day involvement in the corporation but rather attempt to include these directors by virtue of their titles and boilerplate "access to information" language." Polar, at 237-238 (citations omitted); Polycast Tech. Corp. v. Uniroyal, Inc., 1988 WL 96586 at 6 (S.D.N.Y., 1988); Defer, L.P. v. Raymond James Financial, Inc., 654 F.Supp.2d 204, 213 (S.D.N.Y., 2009).

Plaintiffs offer no facts as to Defendant Connelly's involvement in day to day operations of the Defendant companies, other than asserting that he was the CFO at the times applicable to Plaintiffs' claims.[2] Other than stating his professional title, the Plaintiffs allege no single fact about Connelly or his role in the day to day activities of the Defendants' businesses, as required by the controlling case law, that would support the finding that the group pleading doctrine applies to him as an insider. It should be noted that although Connelly was initially named in Camofi Master LDC v. Riptide Worldwide, Inc., 2011 WL 1197659 (S.D.N.Y., 2011), cited by the Plaintiffs, at the time of the decision discussed, Connelly was no longer a defendant in that matter, and the decision does not address Connelly or his role in the company.

---

[2] Plaintiffs also argue that Defendant Connelly does not dispute his role as CFO; however, it is not legally permissible to dispute the accuracy of the allegations in the Complaint at this stage in litigation. This motion to dismiss must be decided based only upon the sufficiency of Plaintiffs' pleadings as they are stated, including any documents referred to within the Complaint. Lewis v. Rosenfeld, 138 F.Supp.2d 466, 469 fn 2. (S.D.N.Y., 2001), citing, Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir., 1999); Camofi Master LDC v. Riptide Worldwide, Inc., 2011 WL 1197659 at 5 (S.D.N.Y. 2011). Should this motion to dismiss be denied, Defendant Connelly intends to dispute Plaintiffs' assertions that he was CFO at all relevant times. This is irrelevant at this juncture, however, as Plaintiffs' claims must survive or fail based upon the sufficiency of the facts alleged in the Complaint.

Group pleading is also "extremely limited" in that it applies only to group published documents, such as prospectuses, SEC filings, press releases, and sales purchasing agreements. Camofi, at 6; Defer, L.P., at 213. Group pleading does not apply, however, to oral statements made in relation to such group published documents or made in the negotiations prior to signing agreements between the parties. Camofi, at 9; Defer, L.P., at 213; Elliott Associates, L.P., v. Convance, Inc., 2000 WL 1752848 at 12 (S.D.N.Y., 2000) ("To allow group pleading in the context of oral statements would unduly expand its ambit beyond that contemplated by the Second Circuit when it adopted the theory."); In re Vivendi Universal, S.A., 381 F.Supp.2d 158, 191 (S.D.N.Y., 2003); In re AOL Time Warner, Inc. Securities and ERISA Litigation, 381 F.Supp.2d 192, 220 (S.D.N.Y., 2004). Thus, while the group pleading exception to Rule 9(b) may be available for claims based upon representations in group published documents, this exception is not available for oral statements, such as statements made during negotiations or discussions leading up to the signing of the Merger Agreements in the instant case.

Plaintiffs admit in their opposition on page 11, however, that the Plaintiffs allege misrepresentations based upon statements extraneous to the contracts, "that the Defendants made affirmative misrepresentations of fact which induced the Plaintiffs to enter into the merger transaction." Plaintiffs claim that these oral misrepresentations, which preceded the Merger Agreements cited in the Complaint, are a basis for maintaining negligent misrepresentation claims against Defendant Connelly. This is exactly what Plaintiffs cannot do with the group pleading exception.

380544 Canada, Inc. v. Aspen Tech., Inc., 544 F.Supp.2d 199, 218 (S.D.N.Y., 2008) cited by the Plaintiffs, is instructive on this point. In 380544 Canada, Inc., the Court distinguished between unspecified statements and vague allegations of misrepresentations made during several meetings leading up a securities purchase agreement (SPA) and allegations of misrepresentations in the SPA document itself. The statements in the meetings were attributed to the defendants as a group, and the Court held that this was insufficient to meet the requirements of 9(b). The statements in the SPA, however, were subject to the group pleading doctrine, and were therefore sufficient, as they could be attributed to the group of defendants without further specificity.

Notably, in Camofi, at 8, upon which Plaintiffs rely, the SEC filings containing the alleged misrepresentations were specifically identified as the 8k documents of April and May 2008. Within those documents, specific statements regarding the availability of cash to make certain payments were more particularly identified by the plaintiffs. Camofi, at 8. Plaintiffs identify no group published documents with specificity in the Complaint except for the Merger Agreements. With only this exception, the Plaintiffs have failed to make any such particular allegations as to any group published documents, and which statements within them, were relied upon by the Plaintiffs.

With regard to the negotiations and discussions preceding the Merger Agreements, the Plaintiffs identify absolutely no oral (or written) statements with particularity attributable to Defendant Connelly. To sufficiently plead negligent misrepresentation based upon statements in these negotiations and discussions, the Plaintiffs are required to particularize the statements made by Defendant Connelly, including when and where the statements (or omissions) were made, and why the

statements (or omissions) are fraudulent. <u>B&M Linen Corp.</u>, at 481, <u>quoting</u> <u>Eternity,</u> at 187. Group pleading is not applicable to such statements, and the Plaintiffs have failed to identify any statement by Defendant Connelly that preceded the signing of the Merger Agreements with particularity. Curiously, even though a footnote in the Plaintiffs' opposition states that Plaintiffs know of facts that could particularize the misrepresentations alleged, Plaintiffs offer no specific statements by Defendant Connelly to support this claim.

Plaintiffs have failed to meet the requirements of Rule 9(b) as to any oral statements by Defendant Connelly. Plaintiffs have failed to identify any group published documents with the required specificity, other than the statements within the Merger Agreements. Thus, the only possible claims for negligent misrepresentation against Connelly (if the Court were to find that group pleading applies to Defendant Connelly) would be those claims based upon the statements in the Merger Agreements only.

      **C.**    **Plaintiffs' claims against Defendant Connelly are based upon the same facts as the breach of contract claims, and so must be dismissed.**

All of the allegations of negligent misrepresentation related to representations identified in the Merger Agreements are simply restated allegations of the breach of contract claims against the other Defendants. The claims for negligent misrepresentation only repeat the Plaintiffs' allegations that the Defendants did not intend to perform on the specific representations and promises in the contracts concerning the payments that were set out in those agreements.

It is well settled under NY law that a contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations. <u>Turnbull</u> at 4, <u>citing, International Cabletel Inc., v. Le Groupe</u>

Videotron, Ltee., 978 F.Supp. 483, 486 (S.D.N.Y., 1997) In <u>Gruber v. Victor</u>, 1996 WL 492991 at 6 (S.D.N.Y., 1996), cited by the Plaintiffs, the Court stated that when a fraud claim arises out of the same facts as breach of contract, "with the addition only of an allegation that the defendant never intended to perform the precise promises spelled out in the contract between the parties," the fraud claim cannot be sustained, and the sole remedy is for breach of contract. <u>Id.</u>, <u>citing,</u> <u>Sudul v. Computer Outsourcing Services</u>, 868 F.Supp. 59, 62 (S.D.N.Y., 1992); <u>see also,</u> <u>Cohen v. Koenig</u>, 25 F.3d 1168, 1173 (2d Cir., 1994).

To the extent that Plaintiffs wish to hold Defendant Connelly liable for representations made within the Merger Agreements, these allegations are based upon the same facts as the breach of contract claims, and the Plaintiffs are simply reiterating the fact that Plaintiffs allege that the Defendants never intended to perform on the terms of the contracts. Just because, as the Plaintiffs concede, they cannot sustain a breach of contract claim against Defendant Connelly, this does not mean that the negligent misrepresentation claims must be permitted. Defendant Connelly has already demonstrated that there are no sufficient allegations of collateral misrepresentations, such as oral statements or particularized written statements attributed specifically to Defendant Connelly that allegedly induced the Plaintiffs to enter into the Merger Agreements. Thus, Plaintiffs simply cannot maintain a valid action for negligent misrepresentation against him. <u>See,</u> <u>Gruber</u> at 6, <u>citing,</u> <u>PI, Inc. v. Quality Products, Inc.</u>, 907 F.Supp. 752, 761 (S.D.N.Y., 1995)

**D.    Plaintiffs have pleaded no facts to demonstrate a special relationship sufficient to support claims for negligent misrepresentation as to Defendant Connelly.**

It should not be overlooked by the Court that the Plaintiffs' heavy reliance on the group pleading exception in their opposition, which would allow the Plaintiffs to avoid linking Defendant Connelly directly to any published statements, seriously undermines the Plaintiffs' assertion that they had a special relationship with Defendant Connelly, which would elevate this commercial sale above the usual hands-off transaction between a commercial buyer and seller.

Plaintiffs argue that the Courts have refused to dismiss similar cases based upon insufficient pleadings when the cases involve a buyer and seller in a complex commercial acquisition involving lengthy negotiations. However, in Lewis v. Rosenfeld, 138 F.Supp.2d 466, 481 (S.D.N.Y., 2001), this Court acknowledged that "it is well established that a simple commercial relationship, such as that between a buyer and seller, does not constitute a 'special relationship' supporting a negligent misrepresentation claim." Despite Plaintiffs' assertions to the contrary, the Southern District Court has dismissed claims for negligent misrepresentation based upon the failure of the plaintiff to sufficiently plead a special relationship or special knowledge by the defendant. See, EED Holdings v. Palmer Johnson Acquisition Corp., 387 F.Supp.2d 265 (S.D.N.Y., 2004); B&M Linen Corp., at 484.

The cases cited by Plaintiffs where the Court did not dismiss claims for negligent misrepresentation based upon inadequately pleaded facts demonstrating a special relationship are distinguishable from the instant matter. In those cases, the plaintiffs were the buyers of other companies, not the sellers, as in the instant case. See, Dimon, Inc. v.

Folium, Inc., 48 F.Supp.2d 359 (S.D.N.Y., 1999); Polycast Tech., Inc., supra; Delta Holdings, Inc. v. National Distillers & Chem. Corp., 1988 WL 36330 (S.D.N.Y., 2004). These cases were not based upon breach of contract claims involving a failure to make promised payments to the plaintiff-seller, as is the basis for the instant case. These cases involved, rather, claims that the defendant-sellers had concealed or misrepresented facts, resulting is gross overpayment by the plaintiff-buyers in the commercial deals. The basis for the plaintiffs' claims was therefore not a breach of contract related to non-payment or non-performance, but a true misrepresentation as to the value of assets that were purchased. As such, these cases are quite distinguishable from the instant case, where the Plaintiffs' primary complaint is a failure by the Defendants to perform on the Merger Agreements and make the payments owed.

**CONCLUSION**

Wherefore, Defendant Richard Connelly respectfully requests that the Court dismiss with prejudice Counts 3 and 8, and that the Court thereby dismiss the entire Complaint as to Defendant Connelly, and that the Court award costs to Defendant Connelly as statutorily provided, and any such other and further relief that this Court deems just and proper.

Respectfully submitted,
SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Dated: May 16, 2011

_____
Raymond R. Castello, Esq.  (RC 2106)
655 Third Avenue, 28th Floor
New York, New York 10017
Telephone: (212) 599-8200
Facsimile: (212) 599-7765

*Attorneys for Richard Connelly*