UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CHRISTOPHER WATSON and　　　　　　　Case No.:  11 Civ. 0874 (PAC)
INTELLECTUS, LLC

Plaintiffs,

vs.

RIPTIDE WORLDWIDE, INC. (F/K/A SHEA
DEVELOPMENT CORP.), FRANCIS E.
WILDE, TOMMY E. WHEELER, E. JOSEPH
VITETTA, JR., RICHARD CONNELLY and
PHILIP E. LOEFFEL

Defendants.
-----------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
PHILIP LOEFFEL'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

　　　　　　　　　　　　　　　　　　CARROLL McNULTY & KULL LLC
　　　　　　　　　　　　　　　　　　570 Lexington Avenue, 8th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　(646) 625-4000

　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　PHILIP E. LOEFFEL

On the Brief:
Joseph P. McNulty, Esq.
Teresa M. Cinnamond, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

LEGAL ARGUMENT .............................................................................................................. 1

    I.    The Counts for Trespass to Chattels and Conversion (Counts XII and XIII) are Time-Barred under the Contractually Agreed upon Limitations Period and Equitable Tolling Cannot Apply ........................................................................................................... 1

    II.    The Doctrine of Equitable Tolling also cannot apply to COUNT XV (Computer Fraud and Abuse Act Violation) ....................................................................................... 4

    III.    Plaintiffs Should Not Be Permitted to Relitigate The Issue of the Return of Software after this Issue was Resolved in the Prior Federal Court Action ................................ 5

    IV.    The Allegations against Mr. Loeffel are Conclusory, Speculative, and Wholly Unsupported by any Relevant Personal Knowledge of Mr. Watson .............................. 7

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

Abbas v. Dixon,
    480 F.3d 636 (2d Cir. 2007) .................................................................................................4

Am. Feeds & Livestock Co., Inc. v. Kalfco, Inc.,
    149 A.D.2d 836, 837, 540 N.Y.S.2d 354 (N.Y. App. Div. 1989) ........................................8

Corbett v. Firstline Sec., Inc.,
    687 F. Supp. 2d 124 (E.D.N.Y. 2009) ................................................................................2

Di Nardo v. L & W Indus. Park of Buffalo, Inc.,
    425 N.Y.S.2d 704  (N.Y. App. Div. 4th Dept. 1980) .........................................................7

Mancuso v. Consol. Edison Co. of New York, Inc.,
    905 F. Supp. 1251 (S.D.N.Y. 1995) .................................................................................3, 4

Rajeev Sindhwani, M.D., PLLC v. Coe Bus. Serv., Inc.,
    52 A.D.3d 674, 677, 861 N.Y.S.2d 705 (N.Y. App. Div. 2008) ........................................8

Ryan v. New York Tel. Co.,
    62 N.Y.2d 494, 501, 467 N.E.2d 487, 491 (1984) .............................................................5

State of N.Y. v. Shore Realty Corp.,
    759 F.2d 1032  (2d Cir. 1985) ............................................................................................7

Veltri v. Bldg. Serv. 32B-J Pension Fund,
    393 F.3d 318 (2d Cir. 2004) ...............................................................................................3

Defendant Philip Loeffel, by his attorneys, Carroll McNulty & Kull LLC, respectfully submits this Reply Memorandum of Law in further support of his Motion to Dismiss the Complaint of Plaintiffs Christopher Watson ("Watson") and Intellectus, LLC ("Intellectus") (collectively, "Plaintiffs") pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Mr. Loeffel is entitled to a dismissal of all of the claims asserted against him in Plaintiffs' Complaint. First, the counts for Trespass to Chattels and Conversion (Count XII and XIII), and Violation of the Computer Fraud and Abuse Act (XV) are time barred and the doctrine of equitable tolling does not rectify that fact. Second, Watson had a full and fair opportunity to litigate the issue of the return of the very same software at issue in this action in the prior federal court action involving Watson and Riptide and in fact litigated that issue to resolution. Third, Plaintiffs' Complaint and Watson's Declaration in opposition merely recite, in conclusory fashion, the elements of causes of action for Tortious Interference with Prospective Economic Advantage (Count XIV) and Fraudulent Conveyance (Counts XVI, XVII and XVIII) and are devoid of facts stated upon personal knowledge sufficient to warrant such claims against Mr. Loeffel in his individual capacity.

## LEGAL ARGUMENT

**I.     The Counts for Trespass to Chattels and Conversion (Counts XII and XIII) are Time-Barred under the Contractually Agreed upon Limitations Period and Equitable Tolling Cannot Apply**

It is undisputed that the Software License Agreement was revoked by Watson in February 2008 and would have expired, in any event, on July 15, 2008. Therefore, the filing on February 8, 2011 of Counts for Trespass to Chattels and Conversion of software based on the

1

alleged deletion or other failure to transfer software to Watson upon the agreement's termination or expiration is beyond the two year limitations period set forth in the Software License Agreement.

Plaintiffs argue that the two year limitations period does not apply, however, Plaintiffs disregard the plain language of that agreement. There can be no dispute that Riptide Worldwide, Inc. ("Riptide Worldwide"), and Mr. Loeffel on its behalf, came into possession of the subject software in accordance with the Software License Agreement which expressly provides that "[a]ny cause of action or claim of Licensee or Owner, accrued or to accrue because of any breach or default by the other party of any provision of this Agreement, shall survive the termination or expiration of this Agreement for a **period of two (2) years**." (See Compl. Ex. 3).

Plaintiffs' argument that the two year limitations period does not apply because their counts against Mr. Loeffel sound in tort rather than breach of contract is unavailing. As set forth above, the language of the agreement broadly bars *any* cause of action that accrues because of a breach of the agreement or a default of any provision thereof, and is not limited to causes of action for breach of contract. Under New York law, such contractual provisions are enforceable based on their plain language. See, e.g., Corbett v. Firstline Sec., Inc., 687 F. Supp. 2d 124, 128 (E.D.N.Y. 2009) (holding that "New York courts [also] enforce contract provisions shortening the limitations period for bringing *any* claim against a party, including claims that sound in tort."), Par Fait Originals v. ADT Sec. Sys., Ne., Inc., 184 A.D.2d 472, 472, 586 N.Y.S.2d 2, 2 (N.Y. App. Div. 1992) ("[P]arties to a contract may . . . agree to be bound by a shortened statute of limitations for all claims, including those involving [the tort of] gross negligence.").

Here, Plaintiffs' arguments that the claims against Loeffel are "temporally separated from the Software License Agreement" and "relate to distinct legal duties" (Pls' Br., p. 10) are

2

disingenuous at best.  Plaintiffs' claims against Mr. Loeffel for Trespass to Chattels and Conversion are clearly predicated on the alleged breach or default in failing to return software produced by Plaintiffs to Riptide pursuant to the agreement.  Stated differently, under the circumstances presented in this case, "but for" the alleged breach or default under the agreement, there could be no basis for Trespass to Chattels or Conversion.  Accordingly, the two year limitations period applies to Plaintiffs' claims.

In the alternative, Plaintiffs argue that the two year limitations period was "equitably tolled" until the Complaint was filed on February 8, 2011, on the basis that Watson relied upon the Settlement Agreement entered between Riptide Worldwide and Watson on July 10, 2008.  Specifically, Plaintiffs argue that they "withheld further litigating the matter, based on the Defendants' fraud, misrepresentations, and deception" with respect to Riptide's "ability or intention to satisfy the material obligations under" the July 10, 2008 agreement.  (Pl.s' br. at 11).  As an initial matter, it should be noted that Mr. Loeffel is not included in the "Defendants'" to which Plaintiffs refer.  He was not a party in the prior federal or state court actions involving Riptide and Watson and he had no role with respect to their Settlement Agreement.  This argument also is misplaced because Watson received the purportedly deficient software on October 17, 2008 and therefore had the relevant knowledge at that point for any claim concerning the contents of that software.

It is well settled that tolling the statute of limitations under equitable principals is an "extraordinary measure" Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004), and "should not be favored when raised by a plaintiff who has knowledge of the basic facts necessary to bring the action within the limitation period." Mancuso v. Consol. Edison Co. of New York, Inc., 905 F. Supp. 1251, 1258 (S.D.N.Y. 1995).  "Typically, equitable estoppel is

3

applicable to situations in which the defendant either fraudulently <u>conceals</u> the existence of the cause of action from the plaintiff or makes <u>positive misrepresentations to the plaintiff that cause plaintiff to abstain</u> from suit until after the limitation period has run." <u>Id.</u> (emphasis added). However "'Due diligence on the part of the plaintiff in bringing [an] action,'. . . is an essential element of equitable relief." <u>Abbas v. Dixon</u>, 480 F.3d 636, 642 (2d Cir. 2007).

Here, Watson acknowledges that he had "knowledge of the basic facts necessary to bring the cause of action," <u>Mancuso</u> supra, 905 F. Supp. at 1258, when he "discovered that the material on the discs was incomplete and unusable" upon receiving those materials from Mr. Loeffel in October, 2008. (Watson Decl. ¶ 20). Plaintiffs do not contest that the software was returned by Mr. Loeffel at that time. (Wilde Decl. ¶ 13) (Loeffel Decl. ¶ 13-15). Based thereon, Plaintiff failed to sue Mr. Loeffel within the two year period after he received the discs that purportedly did not contain the software. Finally, Plaintiffs' allusion to fraud by Riptide as to its purported ability to make *payment* under the July 10, 2008 Settlement Agreement reached in the prior litigation in no way supports an equitable tolling of the limitations period on the return of the *software*.

## II. The Doctrine of Equitable Tolling also cannot apply to COUNT XV (Computer Fraud and Abuse Act Violation)

The two year statute of limitations mandated under the Computer Fraud and Abuse Act also began to run no later than October 17, 2008, making Count XV of the Complaint untimely as a matter of law.[1] While Plaintiffs attempt to argue that this two year period was also equitably tolled, there is no alleged concealment or misrepresentation of any kind relating to the software in question that is alleged to have taken place after the October 17, 2008 delivery of software to

---

[1] Additionally, the limitations period contained in the Software License Agreement also applies to bar Plaintiffs' claim of Violation of the Consumer Fraud and Abuse Act (Count XV).

4

justify any such tolling. In short, there is no factual basis for Watson's claim that he reasonably delayed in commencing an action against Loeffel until February 8, 2011.

### III. Plaintiffs Should Not Be Permitted to Relitigate The Issue of the Return of Software after this Issue was Resolved in the Prior Federal Court Action

The "extrinsic evidence" that Plaintiffs complain of (Pl.s' br. at 13), may properly be considered by the Court on this Motion to Dismiss.[2] The voluminous record in the prior federal court action illustrates the extent of Watson's opportunity to be heard on the issue of the return of the software, and clearly demonstrates that the issue was "actually litigated."

"A determination whether the first action or proceeding genuinely provided a full and fair opportunity requires consideration of "the 'realities of the [prior] litigation', including the context and other circumstances which may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him." Ryan v. New York Tel. Co., 62 N.Y.2d 494, 501, 467 N.E.2d 487, 491 (1984). "In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings." Bain supra, 97 N.Y.2d at 304, 766 N.E.2d at 919 (2001).

Here, Plaintiffs' assertion that the court wrongfully "assumed" that Plaintiffs were satisfied with the return of the Software is defied by the record in the prior federal court action. The oral argument held before Judge Gorenstein on October 7, 2008, after Watson filed his

---

[2] Contrary to Plaintiffs' assertion, it is appropriate for Mr. Loeffel to submit evidence of the prior litigation in a motion to dismiss. "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (quoting Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir.1992)).

5

August 25, 2008 Order to Show Cause seeking the return of the specific software at issue in his Complaint, makes it patently clear that all parties and the court fully addressed the issue of the return of the software to Watson. (Cinnamond Decl. Ex. A). More specifically, prior to that oral argument, Magistrate Judge Gorenstein had entered a September 29, 2008 Order identifying "whether the portion of the agreement requiring the transfer of equipment has been complied with" as the first factual issue to be determined. (Cinnamond Decl. Ex. B). On October 7, 2008 Magistrate Judge Gorenstein made it clear that he intended to resolve all remaining factual issues prior to the issuance of his Report and Recommendations. Mr. Vitetta, on behalf of Riptide Worldwide, represented that the recovery of the software would be effectuated.

Judge Gorenstein specifically cautioned Watson's counsel (and Mr. Watson, who was personally present) that

> I really need to put the burden on Mr. Watson to tell me whether or not the issue is resolved. As long as it's hanging out there, I'm not going to proceed on deciding the motion, because I want to wrap this all up at once. So when I get word from Mr. Watson it's resolved, then that will take care of that issue. If he says it's not resolved, then we need to either try to resolve it or he needs to provide me the evidence, which might be through an affidavit or a hearing, about what hasn't happened, and what he expects to have happen, and how it violates the agreement." (Cinnamond Decl. Ex. A, p. 5, l. l6-24).

It is undisputed that approximately ten days later Mr. Watson received the balance of all of the software transferred by Riptide to Watson. Instead of moving at that time for the return of the software that was purportedly not returned to him, Watson filed objections with respect to the payment of money from Riptide under the July 10, 2008 settlement agreement and was silent as to the return of the software. Based thereon, it cannot now reasonably be argued by Watson that the issue of the return of the software was not "actually litigated" and that he was not given a "full and fair opportunity" to contest both Judge Gorenstein's finding that with respect to the

6

issue of "the transfer of…intellectual property, the parties are either withdrawing their requests regarding these matters or are satisfied with their resolution" (Cinnamond Decl., Exh. I at p. 2) and the Settlement Judgment entered by Judge Cote finding that the "transfer of property" had already been effectuated by the parties. (Cinnamond Decl., Exh. E, p.1).

### IV. The Allegations against Mr. Loeffel are Conclusory, Speculative, and Wholly Unsupported by any Relevant Personal Knowledge of Mr. Watson

Watson's declaration is the best evidence that Plaintiffs' complaint is factually bare and nothing more than a fishing expedition. Specifically, Watson repeatedly acknowledges he does "not have hard evidence . . . but . . . that discovery would reveal" certain facts supporting his causes of action. (Watson Decl. ¶¶ 2, 3, 7, 8, 9 and 21). This "proffer" is nothing more than an improper attempt to include Mr. Loeffel in a dispute that has always been between Watson and Riptide Worldwide and should remain there.

It is well-established under New York law that an individual defendant "may not be held liable for inducing his corporation to violate its contractual obligations [such as obligations under a Software License Agreement] unless his activity involves separate tortious conduct or results in personal profit." Di Nardo v. L & W Indus. Park of Buffalo, Inc., 425 N.Y.S.2d 704, 705 (N.Y. App. Div. 4th Dept. 1980) (emphasis added). In Di Nardo, the court dismissed the plaintiffs' complaint for failure to state a claim, holding that plaintiff failed to allege that "there was tortious conduct on the part of [the president] which was separate from his conduct as officer and director of L & W or that [the president] personally profited from the scheme to avoid paying plaintiff's commission." Id. As in Di Nardo, there is no allegation based on personal knowledge of an affiant that the director or officer was controlling corporate conduct. See State of N.Y. v. Shore Realty Corp., 759 F.2d 1032, 1052 (2d Cir. 1985) (emphasis added); Am. Feeds & Livestock Co., Inc. v. Kalfco, Inc., 149 A.D.2d 836, 837, 540 N.Y.S.2d 354, 355 (N.Y. App.

7

Div. 1989).  Moreover, unlike in Am. Feeds & Livestock where the corporate officer being sued was the "chief executive officer and sole policy maker" and there was evidence showing that the officer was on notice of the wrongful possession of the plaintiffs property, knew of the plaintiff's demand for the return of that property, and failed to "relinquish that wrongful possession," Id. at 837, no similar evidence exists in the matter sub judice.  See also Rajeev Sindhwani, M.D., PLLC v. Coe Bus. Serv., Inc., 52 A.D.3d 674, 677, 861 N.Y.S.2d 705 (N.Y. App. Div. 2008) (cited by Plaintiffs and holding officer personally liable because officer was "responsible for the determination to withhold the subject records from the plaintiff").  Far from being responsible for any determination to return the software, the actions taken by Mr. Loeffel were at the direction of the agreement reached by Watson and Riptide during the prior federal court action.  Mr. Loeffel's conduct can hardly be analogized to the conduct in Rajeev Sindhwani in which medical billing records belonging to a doctor were stolen following that doctor's termination of the medical billing company's services.  Herein, Mr. Loeffel was simply carrying out Riptide Worldwide's obligation to return software and equipment to Watson pursuant to a settlement agreement, nothing more, nothing less.

## CONCLUSION

Based on the foregoing, Defendant Philip Loeffel respectfully requests that Plaintiffs' Complaint as directed against him be dismissed with prejudice and that attorneys' fees and costs on the motion and any other and further relief deemed warranted by the court be awarded in his favor.

        CARROLL, McNULTY & KULL LLC

        By:   /s/ Joseph P. McNulty
                Joseph P. McNulty
                570 Lexington Avenue, 8th Floor
                New York, NY 10022

(646) 625-4000
Attorneys for Defendant Philip E. Loeffel