UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTOPHER WATSON and　　　　　　　　Case No.:  11 Civ. 0874 (PAC)
INTELLECTUS, LLC

　　　　　　　Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　　　　**DECLARATION OF**
　　　　　　　　　　　　　　　　　　　　　　　　**PHILIP E. LOEFFEL**
RIPTIDE WORLDWIDE, INC. (F/K/A SHEA
DEVELOPMENT CORP.), FRANCIS E.
WILDE, TOMMY E. WHEELER, E. JOSEPH
VITETTA, JR., RICHARD CONNELLY and
PHILIP E. LOEFFEL

　　　　　　　Defendants.
------------------------------------------------------------X

　　　　I, PHILIP E. LOEFFEL, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

　　　　1.　　This declaration, which is based on my personal knowledge, is offered in Reply to Plaintiff's Opposition to my Motion to Dismiss the Complaint for failure to state a claim against me upon which relief may be granted.

　　　　2.　　I have reviewed Paragraph 3 of Mr. Watson's Declaration filed in opposition to my Motion to Dismiss. Mr. Watson acknowledges that he has "no evidence of this fact" but he nevertheless states that Riptide Software, Inc. ("Riptide Software") "was saddled with a great deal of debt as a direct result of the merger between it and Riptide [Worldwide]." Riptide Software did not incur its own debt upon being acquired by Riptide Worldwide. Furthermore, as a result of the merger resulting in Riptide Software becoming a wholly-owned subsidiary of Riptide Worldwide, any debt previously held by Riptide Software became the debt of Riptide Worldwide.

3. I have also reviewed paragraphs 5 through 12 of Mr. Watson's Declaration in which he asserts that "Riptide, Loeffel and Wilde interfered with Watson and Intellectus' relationships with these companies [Medvante, Mid-Missouri Bank and Aliant Bank] by making representations regarding the Software and services Riptide intended to provide under contracts with these companies." I do not understand how Mr. Watson could include me in this assertion since I have never had any communications of any kind with any companies known as Metavante, Mid-Missouri Bank or Aliant Bank. I do not know how else to respond but to inform that court that I simply have no knowledge of these companies or any individuals associated with them.

4. I was never involved or asked to promote or otherwise even discuss Bravera products with Metavante, Mid-Missouri Bank or Aliant Bank and I see no specific assertion by Mr. Watson based on his personal knowledge that I took any specific actions with respect to these entities if they in fact ever consummated any business with Riptide Worldwide.

5. I have also reviewed paragraphs 14 through 17 of Mr. Watson's Declaration and find them to be too vague to meaningfully respond.

6. I am further unable to respond to the wild, unsupported allegations and/or "belie[f]" of Watson that I somehow intended to distribute money to myself that was paid by Ryder to Riptide Worldwide. As set forth in my prior Declaration in support of my Motion to Dismiss, I had no access or decision-making authority as to any of Riptide Worldwide's bank accounts or third party payroll systems. And, I had no involvement with the invoicing of Riptide Worldwide's clients that originated from Bravera.

7. After my company, Riptide Software, was rolled up with Riptide along with Mr. Watson's company, Bravera, I never derived any benefit from payments by Riptide customers

for the services involving the Bravera Software but only from payments for services rendered by Riptide Software.

8.  After transferring the software that Riptide was able to recover, I was never informed until the filing of this lawsuit that data was missing or unusable from the discs that were delivered to Watson on or about October 17, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 26, 2011.

_____
Philip E. Loeffel

Subscribed and Sworn before me on
this 26th day of May 2011.

_____
Notary Public

MARIA THERESA MARTIN
MY COMMISSION # DD 827558
EXPIRES: October 27, 2012
Bonded Thru Notary Public Underwriters

4