USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER WATSON and INTELLECTUS LLC
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

11 Civ. 0874 ( ) ( )

- against -

**NOTICE OF MOTION**

RIPTIDE WORLDWIDE INC, FRANCIS E. WILDE, TOMMY E WHEELER, RICHARD CONNELLY, PHILIP E. LOEFFEL and E JOSEPH VITETTA JR.
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

**PLEASE TAKE NOTICE** that upon the annexed affirmation of E. Joseph Vitetta Jr (name) affirmed on 27 June, 20 11, and upon the exhibits attached thereto *(delete if no exhibits)*, the accompanying Memorandum of Law in support of this motion *(delete if there is no Memorandum of Law)*, and the pleadings herein, plaintiff/**defendant** will move this Court, before
JUDGE CROTTY (Judge's name), United States District/Magistrate Judge, for an order (circle one)
pursuant to Rule 12 b 6 of the Federal Rules of Civil Procedure granting *(state what you want the Judge to order)*: Respectfully dismiss all counts of CIV case 11 CIV 0874 for failure to state a claim as to defendant VITETTA

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Alpharetta, GA (city) (state)
June 27, 20 11
(month) (day) (year)

Signature: _____
Address: 2160 Ambleside Chan, Alpharetta GA 30022
Telephone Number: 770 881 1119
Fax Number *(if you have one)*

*Rev. 05/2007*

2011 JUN 28 PM 3:52
SDNY PRO SE OFFICE
RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Christopher Watson and Intellectus, LLC

                        Plaintiffs,

11 CV 0874 (PAC)

**MOTION TO DISMISS**

- against -

RIPTIDE WORLDWIDE, INC. (f/k/a Shea Development Corp.), FRANCIS E. WILDE, ~~TOMMY E. WHEELER~~, E. JOSEPH VITETTA, JR., RICHARD CONNELLY, and PHILIP E. LOEFFEL

                        Defendants.

---

NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) FOR FAILING TO STATE A CLAIM AS TO DEFENDANT E. JOSEPH VITETTA, JR.

---

E. Joseph Vitetta, Jr.
*Pro Se*
260 Ambleside Chase
Alpharetta, GA 30022
Telephone (770) 881-1119

---

TO: ALL PARTIES

---

1

| | | |
|---|---|---|
| To: | CHRISTOPHER WATSON<br>c/o Nicholas Fortuna<br>~~Allyn & Fortuna~~<br>200 Madison Avenue<br>5th Floor<br>~~New York, NY 10016~~ | INTELLECTUS, LLC<br>c/o Nicholas Fortuna<br>~~Allyn & Fortuna~~<br>200 Madison Avenue<br>5th Floor<br>~~New York, NY 10016~~ |

and Individual Defendants:

Philip E. Loeffel
200 E. Palm Valley Drive
~~Suite 2000~~
Oviedo, Florida 32765

~~Tommy E. Wheeler~~
13846 Atlantic Blvd.
Unit #404
~~Jacksonville, Florida 32224~~

Francis E. Wilde
316 Ridgehaven Place
Richardson, Texas 75080

Richard Connelly
c/o Raymond R. Castello, Esq. (RC 2106)
~~655 Third Avenue, 28th Floor~~
New York, New York 10017

I.   INTRODUCTION

Defendant E. Joseph Vitetta, Jr. (legally known as Eugene J. Vitetta, Jr. residing at 260 Ambleside Chase Alpharetta GA 30022) respectfully submits this Motion to Dismiss the Plaintiff's complaint pursuant to Federal Rule Procedure 12(b)(6) for failing to state a claim as to Defendant Vitetta.

II.   OVERVIEW

In order to support my motion to dismiss one must understand how the company was organized and operated. Our organization was traditional in roles printed on our business cards but not traditional in decision-making. I reported directly to Mr. Tommy E. Wheeler and my responsibility, along with his, was to research services companies that would be accretive to the business by way of revenue. Mr. Wheeler and I were informed by Mr. Wilde he was in discussions with a company named Bravera Inc., headed up by Christopher Watson. The opportunity was first presented to Mr. Wilde by a third party headed by Brian F. Morgan. After discussions between the Plaintiff, Defendant Wild and Mr. Morgan, the decision was made to move forward with the acquisition of Bravera, headed by Mr. Watson. During the due diligence process we noticed inconsistencies with Mr. Watson's customer base, forecast and revenue projections. I recommended several times that I was convinced Mr. Watson's forecast and projections were over-stated, could not be substantiated and potential customers the projections were not substantiated. I state all of this because it reflects what type of business person Mr. Watson represents himself as and that all decisions made to move forward were made even though several of the Defendants agreed that this was not an acquisition that would benefit the strategy. Mr. Wilde informed us that we better get "on board" with this because the transaction was going to

3

happen.

In fact, if Mr. Watson and his team performed to his projections and managed his company accordingly, we would not be here today, we would not have lost our benefits and more importantly our jobs. So based on this position and the fact that there are no substantiated, documented claims directly against me, I beg the court to dismiss all claims and the lawsuit against me.

## III.   FACTS

As I read through Defendant Connelly's response by his counsel, I would respectfully submit the same defense as it relates to the Memorandum of Law in support of a Motion to Dismiss. Since I did not do the research and do not have the means to afford legal counsel, I respectfully submit answers directly to each claim in "factual" terms and not in the "legal" terms.

As I attested above, initial discussions, presentations, oral statements that supposedly took place, negotiations and details to the Merger Agreement were all discussed between Mr. Watson, Mr. Wilde, Mr Morgan and the lawyers. In no fashion and in complete certainty did I, Mr. Wheeler or Mr. Connelly have decision-making authority or deal structure authority over the Merger Agreement and Employment Agreement. Mr. Watson regurgitates the same claims for breach of contract and the claims against me must be dismissed. Mr. Watson makes no specific claim against me nor are there any facts supporting any of these claims as it relates specifically to me. The Plaintiff's have failed throughout the entire document to allege any facts that could sustain claims for misrepresentation on my behalf.

4

**Count 1-Breach of Merger Agreement**

There are many statements in Paragraphs 1-99 that are not accurate as it relates to "Other Individual Defendants" having discussions with Mr. Watson prior to the Merger Agreement. I continue to attest that the negotiations and decisions surrounding the Merger Agreement were handled between Mr. Watson, Mr. Wilde, Mr. Morgan and respective attorneys. In Paragraph 102 where it states Mr. Watson "performed" his obligations is not entirely accurate. part of the Merger Agreement was to include an accurate list of revenue generating accounts and a forecast to substantiate the deal and the future of the company. Mr. Watson's forecast and revenue projections were not accurate which lead to the poor performance of his company. Based on the non-factual nature of statements in Count 1 and no specific claim against me, I restfully demand Count 1 to be dismissed.

**Count 2-Breach of Employment Agreement**

Under this Agreement. Mr. Watson was to "perform" certain obligations to receive compensation and other considerations. As head of their sales groups Mr. Watson underperformed and specifically provide inaccurate forecasts that resulted in sub-par performance of his company. In fact, he did not achieve one of the goals set out based on the revenue requirements of Bravera. Based on reality, he should not be entitled to any of the performance bonuses.

In Paragraph 112, it was stated that Mr. Watson provided the company, more specifically Mr. Wilde (not the Other Defendants) his resignation. We were told in a conference call that Mr. Wilde released Mr. Watson prior to this notification.

5

Based on the lack of specific facts where Defendant Vitetta had anything to do with the termination or alleged breaches, I respectfully demand Count 2 be fully dismissed.

**Count 3-Negligent Misrepresentation**

In Paragraph 115, it states "each of the Individuals Defendants" were part of the negotiations prior to the Merger Agreement and in fact this is not true. I was not part of the negotiations specifically because after due diligence on Mr. Watson and his companies, I told Mr. Connelly and others including Mr. Wilde that we should not complete this transaction. I was vietmaly opposed to moving forward. I was told that we (Riptide) was moving forward and that I better get on board. I continue to attest that I was not part of the negotiations or the end result of the Merger Agreement as Mr. Watson, Mr. Wilde and Mr. Morgan were the main creators of the structure of the deal.

Based on these facts, I respectfully ask the Court to dismiss Count 3 as it relates to Defendant Vitetta.

**Count 4-Violation of Section 10(b)**

In this count, there are specific misrepresentation spelled out that Defendant Vitetta was party to and therefore should be dismissed in its entirety.

**Count 5-Violation of Section 20(a)**

Each and every count in this document states Mr. Watson and Mr. Wilde were in specific discussions and negotiations and each of us (Other Individual Defendants) were not included in these discussions and decisions. It is therefore that I demand Count V be dismissed.

6

**Count 6-Common Law Fraud**

Pleadings alleging common law fraud in New York are subject to the particularity requirements of Civil Procedure Law and Rules 3016(b), which states "where cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." To meet the requirements of Rule 9(b), a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Quoting Eternity Global master Fund at 187 and 481.*

Plaintiffs fail to allege any statement, throughout this entire Complaint, with the above referenced specificity. Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy particularity requirements of Rule 9(b). I respectfully demand that Count 6 be dismissed.

**Count 7-Breach of Contract**

Once again, Plaintiff blankets allegations as it relates to Breach of Contract between Intellectus LLC and Riptide. There are no specific allegations, details, facts or supporting document that Defendant Vitetta had anything to do with the contract being discussed. More specific it details Mr. Wilde and Mr. Loeffel as the parties, not Mr. Vitetta.

I respectfully demand that Count 7 be dismissed.

7

**Count 8-Negligent Misrepresentations (Intellectus)**

The Plaintiff does not specifically outline and prove where Mr. Vitetta had any part of the negotiations of the Software License Agreement between Intellectus and Riptide. In fact, the allegations only name Mr. Wilde and Mr. Loeffel as being a part of the negotiations of the Software License Agreement. In nowhere does it specifically and particularly state Mr. Vitetta was part of any of the negotiations as it relates to the Agreement.

I respectfully request Count 8 be dismissed in it entirety.

**Count 9-Violation of Section 10(b) as it relates to Intellectus v. Riptide and Wilde**

There are no details from the Plaintiff as to specific dates and documents and how Vitetta was responsible for the events up to and including the alleged allegations. Mr. Watson and Mr. Wilde communicated frequently and was more "in the know" as he is presenting himself. Based on the lack of specifics, I respectfully ask that this count be dismissed.

**Count 10-Violation of the SEC Act of 1934-Intellectus v Wilde**

This seems to be another repetitive allegation but specifically Plaintiff outlines Mr. Wilde being the controlling source. This goes to my request to dismiss all counts in this document, as I was not part of the negotiations and decisions. As I have stated before I was against the transactions based on Mr. Watson's inability to provide true and accurate revenue projections that were the basis of the acquisition.

I again, respectfully ask that this count be dismissed in its entirety.

**Count 11-Common Law Fraud**

Once again the Plaintiff "realleges" the same allegations. This Count focuses on Mr. Wilde and Mr. Loeffel and in no way focuses on Defendant Vitetta as I had nothing to do with the allegations mentioned.

Please dismiss this Count as it does not specifically state a fact, date or time where I was responsible for this allegation.

**Count 12-Trespass to Chattels**

Please dismiss this count as I was not part of the allegations listed.

**Count 13-Conversion**

This count repeats itself under a different title but in no way names me or the other defendants, Connelly and Wheeler, as we were not part of any decision or action as it relates to this allegation. I respectfully request this count be dismissed on the basis that there are no specifics or facts as it relates to any action Vitetta took in this or any other count.

**Count 14-Tortious Interference**

This count lacks specificity or facts as to how Defendant Vitetta had any part in this allegation. Defendant Vitetta never communicated, met or had any dealings with the U.S. Navy.

9

I demand this count be dismissed based on the above fact.

**Count 15-Violations of Section 1030(a)(5)(A)(i) of the Computer Fraud and Abuse Act**

Defendant Vitetta was not part of the allegation outlined in this count and based on geographic location and the fact that Vitetta has never had the computers described in several counts in his possession or had access to these computers.

I respectfully beg this count and any related counts be dismissed.

**Count 16-Fraudulent Conveyance**

This count alleges that funds were transferred to two specific defendants and in no way states that Defendant Vitetta received any funds. In fact, Defendant Wheeler, Defendant Vitetta and others took a 50% cut in pay.

This count must be dismissed as the count specifically names Wilde and Loeffel and is non-factual as it related to Vitetta.

**Count 17-Fraudulent Conveyance**

I respectfully beg the court to dismiss this count for the above stated reasons and that I had no hand in the discussions, decisions and actions as it relates to the transfer of funds.

**Count 18-Fraudulent Conveyance**

I respectfully beg the court to dismiss this count for the above stated reasons and that I had no

10

hand in the discussions, decisions and actions as it relates to the transfer of funds.

**On all Counts, Defendant Vitetta, ProSe, respectfully asks Your Honor, to dismiss ALL counts in 11 CV 0874 (PAC).**

Respectfully yours,

E. Joseph Vitetta, Jr

Pro Se

11